(No. 30232.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DOROTHY COOPER, Plaintiff in Error.

*Opinion filed November 20, 1947.*

EUCLID LOUIS TAYLOR, (WM. SCOTT STEWART, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Dorothy Cooper, was indicted for murder in the criminal court of Cook County. She entered a plea of not guilty and waived a jury trial. The court found defendant guilty of murder and sentenced her to imprisonment in the Illinois Reformatory for Women for a term of fourteen years. As the sole ground for reversal, defendant contends that the action of the trial judge in making a private investigation of certain of her witnesses and visiting the premises where the death occurred constituted a denial of due process of law and deprived her of her constitutional right to be confronted with the witnesses against her.

No question is raised as to the sufficiency of the evidence and no useful purpose would be served by recounting the testimony. The facts pertinent to the present inquiry may be briefly stated. The presentation of defendant's case commenced on the morning of the second day of the trial. Defendant produced her husband, her landlord and the jail physician in support of her claim of self-defense, called eight character witnesses to prove her good reputation as a peaceful and law-abiding citizen and then testified in her own behalf. After the sixth of defendant's character witnesses had testified, the court recessed until 2:00 P.M. The trial terminated on the afternoon of the second day, at which time the trial judge announced that he found the defendant guilty of murder. In the course of his summation he made the following statement: "The reason

I took a recess, some of the witnesses I heard here today I have seen and heard testify in other cases. Three of the addresses given by character witnesses here are residences of those persons I have seen in court or had in court in connection with other cases that have been tried in which the same sordid circumstances surrounded and attended the events, each of which eventuated in the death of a human being and all because of a quarrel over liquor and women."

Defendant's motion for a new trial was continued from time to time over a period of four months. At the hearing when the motion was denied, the trial judge observed, in part: "Oh, I forgot the other point, I gave attention and credence to certain statements, and I told you definitely that certain witnesses who testified on behalf of the defendant, I had not only seen them but heard them before, but the Court is not required to prove or establish, I rechecked my notes and I rechecked the cases where I had seen the witnesses whose testimony I had heard and whose credibility is of such a character that it had to be corroborated by two or three acts to the folks, and one of the witnesses, my recollection and the place of business. I told you frankly the bailiff and I the day after, we went and checked the place because we knew it, we had a similar occurrence, and similar episode arise out of the very place and I know the street numbers and I never am adverse to walking into a place and seeing what it is, who is there, and what they are doing. Maybe I should be censured and criticized for that. I always like to know and I like to see, and I usually get my own information, see and check so I will be in the position I will not be imposed upon by the State or by any defense with respect to the testimony, the credibility or anything else."

According to the quoted statements the judge, during the trial, recognized several of defendant's character witnesses as the same persons who had testified for other defendants in previous murder cases, verified his recollec-

tion by reference to his notes during a recess in the trial, and within the space of a few days after finding defendant guilty, together with his bailiff, visited the premises where the homicide occurred. At no time did the judge name the witnesses he had recognized or interrogate any of them as to whether they had previously appeared before him as witnesses in a criminal proceeding. On the other hand, at the hearing on the motion for a new trial, counsel for defendant stated to the court that he had talked with all the witnesses in this case and each denied previously appearing as a witness in the criminal court of Cook County.

The record discloses that we are here presented with not one but two private judicial investigations. First, prior to finding defendant guilty, the court explored the background of certain of defendant's character witnesses and then, pending disposition of the motion for a new trial, the judge took a view of the premises where the homicide occurred. Confining our attention to the view of the scene of the crime, this action on the part of the trial judge constituted reversible error and the order denying a new trial cannot stand. In *People* v. *McGeoghegan,* 325 Ill. 337, this court said, "The trial court expressed grave doubts as to Fernekes' participation in the crime, and in order to determine the credibility of Fernekes' alibi witnesses sent an investigator to the State of Indiana. * * * These outside investigations were of matters improper to be considered by the court." The investigation referred to was made pending Fernekes' motion for a new trial. Although the detailed factual situations in the present case and the *McGeoghegan case* are somewhat different, both cases are alike in principle. In the case at bar, there is no showing whether the view corroborated the testimony of either the witnesses for the prosecution or the defense, and it is entirely possible that such action was harmful to defendant. On the other hand, despite the fact that the investigation outside the record indulged in by the trial court in *People*

v. *McGeoghegan* afforded surprisingly strong support for defendant's alibi, the investigation was, nonetheless, held to be improper. The point is that neither the defendant, pursuing her motion for a new trial, nor this court on review can ascertain or determine the basis for the trial court's denial of the motion for a new trial. Exclusive of certain matters of which the court may take judicial notice, the deliberations of the trial judge are limited to the record made before him in open court. In short, any private investigation by a court pending a motion for a new trial constitutes a denial to the defendant of the constitutional guarantee of due process of law.

The investigation of three of defendant's character witnesses during the course of the trial constitutes further grounds for reversal. It is axiomatic that defendant was entitled to a fair and impartial trial. (*People v. Hoffman*, 379 Ill. 318; *People v. Sweetin*, 325 Ill. 245; *People v. Beck*, 305 Ill. 593.) In particular, defendant had the right to be confronted with the witnesses against her. (Ill. Const. art. II, par. 9.) The quoted remarks of the trial judge show unmistakably that he participated in the trial both as a judge and as a witness and that, in addition to his recollection of matters previously occurring within his own courtroom and which he knew of his own knowledge independent of any other source of information, he relied on his personal notes and the records of prior criminal proceedings.

Whether defendant had a general reputation in the community as a peaceful and law-abiding citizen was an integral part of her defense. The credibility of witnesses so testifying presented a question of fact. The prosecution offered no evidence attacking defendant's reputation for peacefulness nor her witnesses' reputations for truth and veracity. The latter issue was interjected into the case by the court itself without the knowledge of the prosecution or the defense.

The record contains not a scintilla of evidence relative to the credibility of any of defendant's character witnesses. Their credibility was adjudged solely on the basis of the trial judge's memory and the results of his private investigation made entirely outside the record. The court neither interrogated the witnesses while they were on the stand or at any other time, nor was the prosecution directed to conduct an investigation and introduce in evidence any pertinent discoveries. The court refused to designate the three witnesses involved and, so far as the record discloses, defendant remains in ignorance of their identity. In addition, both defendant and this court, on review, must rely upon the remarks of the trial judge himself to gauge the scope and extent of his investigation. Not only was defendant without an opportunity to cross-examine the trial judge and denied an occasion to introduce evidence in opposition to the results of the court's investigation, but she was not even apprised of the fact that certain of her character witnesses were suspect until the trial was over and she had been found guilty of murder.

The judgment of the criminal court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*