(No. 32277.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT THUNBERG, Plaintiff in Error.

*Opinion filed September 17, 1952.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR MANNING, WILLIAM J. McGAH, JR., ARCHIBALD T. LeCESNE, and ALBERT I. ZEMEL, all of Chicago, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case comes from the criminal court of Cook County on writ of error to review the finding of guilty of rape of a female under sixteen years of age and the finding of guilty of the crime against nature, and the judgment and sentence to the Illinois State Penitentiary for a definite term of three years on the rape charge and for an indeterminate term of two to nine years for the crime against nature.

The evidence on the trial disclosed that the prosecutrix, age fifteen years, the defendant, age thirty, and Bill Ostertag, a high-school senior and boy friend and schoolmate of prosecutrix, were engaged, in the presence of each other, in sexual experiences both natural and unnatural. The defendant, a married man and father of two children, was the owner of an automobile which was used by the three on January 13, 1951, and in which the several acts were committed. In view of the determination we have made[7] in this cause we are privileged to omit the offensive details of the occurrences.

Ostertag and Thunberg were jointly indicted and in various counts were charged with rape, indecent liberties and crime against nature. A separate trial was accorded defendant, which was had without a jury and the results heretofore recited ensued.

A fair summary of all the evidence appearing in the record suggests the guilt of the defendant and that the arguments advanced by defendant to engender a minimization of his offense are strained and technical. However, we are compelled to reverse because the trial judge improperly considered evidence which does not appear in the record.

People's exhibit 2 was a confession obtained by the police from Ostertag. It was marked as an exhibit but the prosecution did not offer it in evidence. Had such offer been made it was the court's duty to reject the same. What this confession contained, the record does not disclose, nor was counsel for defendant allowed to examine it. The court also interviewed the prosecutrix and her parents outside the presence of defendant and his counsel. What was said in the interview the record does not reveal. However, the following statement made by the court while considering a motion for a new trial clearly indicates that the court had read the confession and had privately interviewed the prosecutrix: "The police saw them in the car when she

was arrested with the other lad. That was late in the afternoon. Well, never mind that. It is really remarkable. The boy, Ostertag—you better read his statement. This fellow was the one that suggested it to the girl. * * * I have been around a long time. The mother and father wanted to come up here. The boy very frankly, as frank as he could be, he told the details and I questioned the girl."

It has been repeatedly held that the deliberations of the trial judge are strictly limited to the record made before him in open court. (*People* v. *Cooper*, 398 Ill. 468; *People* v. *McGeoghegan*, 325 Ill. 337.) Quite recently, in the case of *People* v. *Rivers*, 410 Ill. 410, at page 416, this court said: "The defendant in any criminal proceeding has an inherent and constitutional right that all proceedings against him shall be open and notorious, and in his presence, and any inquiry or any acquisition of information or evidence outside of open court and outside of the presence of the defendant is prejudicial error. The defendant cannot be expected to know the scope and extent of any private inquiry made by the court outside of open court and he is not required to inquire into such matters and to resort to extraneous proof to show that he has been prejudiced. He has a right to rely upon his constitutional guarantee that nothing shall be considered against him except the competent evidence introduced in open court, in his presence, by the witnesses who confront him."

Plaintiff in error also makes some complaint that the trial was not conducted with dignity and good order. No useful purpose, however, is served in extending this opinion by a consideration of this and other claimed irregularities.

The conclusion is unescapable that the defendant must have another trial.                *Reversed and remanded.*