(No. 37833.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH ROBINSON, Plaintiff in Error.

*Opinion filed March 18, 1964.*

JOHN D. BIXLER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This writ of error presents for review the robbery conviction of Joseph Robinson, following a bench trial, in the criminal court of Cook County, for which he was sentenced to imprisonment for an indeterminate term of 3 to 10 years.

The defendant, Joseph Robinson, and Warren Morris had been jointly indicted for the robbery of Kenneth Bartels, a police officer assigned to the Task Force Undercover Unit of the Chicago Police Department. Morris entered a plea of guilty to the indictment. Robinson entered a plea of not guilty and was tried by the court. Three police officers testified for the prosecution that on May 29, 1962, Kenneth Bartels, while acting as a "decoy", was robbed by two men on West Madison Street in Chicago. One of the men, identified as Warren Morris, was captured at the scene of the robbery by the officers. They testified that the other man involved escaped. The officers then selected the defendant's picture from their files and identified him as the other man involved in the robbery. All three of the officers testified at the trial and identified the defendant as the other participant.

The defendant did not take the stand at the trial and the only testimony other than that of the officers was the testimony of the co-defendant, Warren Morris, who was called as a witness by the court at the request of defendant's counsel. Warren Morris's entire testimony was as follows:

"Q. What is your name?
A. Warren Morris.
Q. On May 29, 1962, did you rob Kenneth Bartels?
A. Yes, sir.
Q. Who was with you when you took his watch from him?
A. Was no one but me.
Q. You participated in this by yourself?
A. By myself."

On cross-examination he was asked the single question:
"Q. Mr. Morris, is that the story that you told the police
 officers when you were arrested?
A. No, sir, no, it is not."

Both the State and the defense then rested their case and submitted the matter for the court's decision.

Immediately thereafter, in announcing his finding, the trial judge then commented on the above testimony as follows: "Well, the testimony indicates that while Warren Morris just testified that there was nobody with him, he has apparently testified, and there is no question about it, he made a statement for the police that apparently there was somebody with him."

The defendant contends that he was denied due process of law in that his conviction is based upon evidence not in the record. Because the content of any prior statement by Morris is not affirmatively shown in the record, defendant maintains the trial court cannot conclude that Morris had previously said some other person was with him.

This court has often held that the deliberations of the trial judge are limited to the record made before him during the course of the trial, and that a determination made by the trial judge upon a private investigation by the court or based upon private knowledge of the court is improper. *People* v. *Wallenberg,* 24 Ill.2d 350; *People* v. *Thunberg,* 412 Ill. 565; *People* v. *Rivers,* 410 Ill. 410; *People* v. *Cooper,* 398 Ill. 468.

Nevertheless it is clear that when the trial court is the trier of the facts every presumption will be accorded that the judge considered only admissible evidence and discarded inadmissible evidence in reaching his conclusion. (*People* v. *Alexander,* 21 Ill.2d 347; *People* v. *Grodkiewicz,* 16 Ill.2d 192; *People* v. *Burts,* 13 Ill.2d 36.) In this case the trial judge's statement, incorporated in the record, is entirely consistent with his consideration of Morris's testimony for the purpose of impeachment only.

In the case at bar three police officers positively testified that two men robbed officer Bartels, and that after a struggle one escaped. This testimony is not disputed by the defendant who proceeded below on the theory of lack of sufficient identification of him as the second robber. Morris's denial of the existence of a second man was impeached and is insufficient to create a reasonable doubt in the mind of a court or jury as to the existence of another participant in the robbery.

Defendant also argues that he was not identified as the second participant beyond a reasonable doubt. His argument as to the insufficiency of the identification arises from the inability of the officers to recall and describe the clothing worn by the defendants, the type of store in front of which the robbery occurred, whether a theatre was on the opposite side of the street and similar matters. None of the officers manifested any uncertainty in his identification of Robinson, and the minor variations or lack of recollection pointed to by defendant at most affect the credibility of the witnesses, a matter for the trial court's determination. (*People* v. *Grayson*, 29 Ill.2d 229.) We have held positive identification by a single witness sufficient to convict and the proof here is ample to sustain the finding. *People* v. *Solomon*, 24 Ill.2d 586.

Neither of defendant's claims of error is well founded, and the judgment of the criminal court of Cook County is hereby affirmed.

*Judgment affirmed.*