**People of the State of Illinois, Plaintiff-Appellee, v. Charles Moore, Defendant-Appellant.**

**Gen. No. 51,983.**

First District, Third Division.

April 18, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Alan S. Gersh, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury case the defendant was found guilty of attempted robbery, attempted murder and aggravated battery. He was sentenced to serve a term in the penitentiary of five to ten years on each count, the sentences to run concurrently.

On appeal the defendant raises three contentions which merit consideration: (1) that he was denied his right to a speedy trial pursuant to statute; (2) that he was not proven guilty beyond a reasonable doubt; and (3) that hearsay evidence tending to corroborate the testimony of a witness for the prosecution was improperly admitted.

We have decided to reverse and remand on the third point, but will first state our reasons for not reversing on Points One and Two.

On August 10, 1965, at 1:50 a. m., McDay Whitaker, a cabdriver, picked up two passengers, a man and woman, at the corner of 39th Street and Michigan Avenue, in Chicago. At the end of the trip the driver was robbed and shot by the man passenger. He was taken to a hospital by two police officers, and gave the policemen a description of his assailant as follows: male Negro, 140–145 lbs., 5′ 8″ or 9″, wearing a black trench coat and hat. The description fitted the defendant.

On September 8, 1965, Jacqueline Young went to the police station and told Officer James Branick that she was the woman passenger who had accompanied the defendant on August 10, 1965, when he shot and robbed the cabdriver. Miss Young did not testify at the trial, but Officer Branick, for a reason which will be later considered, was permitted to testify as to what she had told him. On September 9, 1965, the cabdriver was called to police headquarters, where he identified the defendant as his assailant from a group of five or six photographs submitted to him by the police. On October 14, 1965, the defendant was arrested and has since been in custody.

We will first consider defendant's contention that he was denied a right to a speedy trial, as provided by statute. Ill Rev Stats, c 38, § 103–5 (1965). On May 31, 1966, the day preceding the four-term expiration date, a motion for extension of time was timely made by the State. The motion was allowed. On July 1, 1966, a motion for discharge was made by the defendant. The motion was denied and trial was had on July 5, 1966. Defendant contends that the court abused its discretion in granting the State's motion for continuance because the State had not exercised due diligence in locating the witness, although it had been given many continuances to enable it to do so.

■■ The granting of continuances in and of itself is not an abuse of discretion. People v. Taylor, 82 Ill App2d 5, 226 NE2d 693. The fact that the witness for whose appearance the continuance was sought was not ultimately produced is not relevant. Whether the granting of a continuance was reasonable must be determined as of the time the motion was considered. People v. Canada, 81 Ill App2d 220, 225 NE2d 639. The State in its petition properly alleged the exercise of due diligence in its effort to procure the attendance of the witness. The testimony of Officer Branick at the trial substantiated this, and there was reasonable ground to believe that such evidence would be obtained in time for trial. The court's denial of the motion for discharge was not erroneous.

■■ We proceed to consider whether the defendant was proven guilty beyond a reasonable doubt. Whitaker the cabdriver identified the defendant as his assailant. At the time of the commission of the crime and shortly before, he was within a few inches of the defendant and in a well-lighted area. Defendant entered the cab from the left while it was at a gas station which was amply lighted. At the time of the shooting and while the driver was facing the robber, three lights were on in the cab— one on the dashboard, one on the meter and one in the center of the cab. Whitaker not only gave a general description of the defendant, but was able to identify him positively out of five or six photographs submitted to him. He also identified him in open court. Jerome Wexler, one of the attorneys for defendant, who interviewed Whitaker and questioned him as to his identification of the defendant, testified that Whitaker said he could not say positively, "100%," that the defendant was the person. The credibility of witnesses is for the trier of fact to decide.

■■ A conviction can be sustained on the testimony of a witness who has ample opportunity for observation and positively identifies the defendant. People v. Lam-

phear, 6 Ill2d 346, 128 NE2d 892; People v. Martin, 62 Ill App2d 203, 210 NE2d 798. The testimony of Wexler is not of sufficient consequence to alter our conclusion that the evidence was adequate to sustain a finding of guilty beyond a reasonable doubt.

██ ██ We proceed to consider the third point. Defendant contends that the court erroneously admitted the testimony of Officer Branick to a conversation he had with Miss Young, the woman passenger in the taxicab. The State acknowledges that the testimony was hearsay but contends that it was properly admitted in order to explain "certain procedures rather than for its truth or veracity." It appears that Officer Branick on cross-examination by the attorney for defendant was asked whether the reason he showed the photographs before mentioned to the driver was based on the police report or on the fact that a warrant had been issued for the defendant's arrest. Both questions were answered in the negative, and defense counsel went no further on this line of questioning. On redirect examination the State, over objection by defendant, questioned Branick as to conversations he had with Miss Young and elicited the following answer:

> "On the 8th day of September I received information from Jacqueline Young, Charles Moore's ex-girl friend, that she was with Charles Moore the night of this occurrence and that he was the one that shot McDay Whitaker in a robbery attempt."

The only reasonable conclusion to be drawn from this questioning of Officer Branick by the State is that the testimony so elicited corroborated the testimony of the cabdriver, the one witness who had testified to the robbery. It was clearly prejudicial hearsay evidence. It is true that an exception to the admission of hearsay evidence applies when a line of questioning is opened up by

94

the adverse party. Testimony on behalf of the other party is then admissible to clarify the points touched upon. Such testimony will be limited to that which has a direct tendency to contradict or explain that which has been received. People v. Baker, 290 Ill 349, 125 NE 263.

In examining Officer Branick about the basis for exhibiting the photographs to Whitaker, the only inquiry by the defendant was whether a police report or a warrant was the basis for Branick's action. There was no inquiry into the general procedures of the Police Department or the motivation of Officer Branick. The State could not use this as a basis for the introduction of hearsay evidence which did not contradict nor explain the testimony of the witness nor the inferences which might be drawn therefrom.

■ The State argues that the case having been tried by the court without a jury, it will be presumed that the trial judge considered only competent evidence in arriving at his judgment. People v. Smith, 55 Ill App2d 480, 204 NE2d 577. It appears affirmatively however that the court did consider the evidence in question. The court said that he would not "deprive counsel of an opportunity to give the court some insight as to Jacqueline." This was reversible error as it bears directly on the vital issue of fact.

Other errors are charged, but they are not likely to recur on a new trial and need not be here considered.

The judgment is reversed and the cause is remanded for new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.