(No. 41921.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CURTIS LEE McDONALD, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

DAVID M. NELSON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ARTHUR LEWIS BELKIND, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a bench trial in the circuit court of Cook County, defendant, Curtis Lee McDonald, and a co-defendant, William Shriner, were convicted of arson. McDonald was sentenced to the penitentiary for a term of two to six years, and Shriner was placed on five years probation with the first year to be served in the county jail. McDonald alone has appealed, contending that he was denied due process of law in that the trial court based its finding of guilty on matters outside the record and in imposing a different sentence on him than on his co-defendant. He also contends that he was not proved guilty beyond a reasonable doubt, that the State's cross-examination of him was prejudicial, and that the court erred in refusing to admit certain photographs in evidence.

The fire occurred in a vacant apartment on the top floor of a three story, L-shaped, 25 unit apartment building in Chicago on September 18, 1966. Subsequent investigation revealed that the fire originated in the living room where furniture and mattresses had been placed in a pile, and it was the opinion of the fire investigator that it had been set deliberately. Betty Gregory, a visitor in the manager's first floor apartment, testified that at about 8:30 P.M. on September 17 she heard glass breaking, and when she went to the back porch she saw McDonald and Shriner coming down the back stairs; that later, after retiring for the night, she found she could not sleep and while sitting at the window overlooking the back porch she again saw both defendants and another man climb the back fence, walk up the stairs and enter the apartment in question. Almost immedi-

ately they returned down the stairs, passed within a few feet of her and went out through the back yard. She called to Mrs. Darby, the manager, who called the police. Within two or three minutes Miss Gregory noticed smoke coming from the third floor apartment and Mrs. Darby then called the fire department. It is undisputed that these events occurred between 4:45 and 5:00 A.M., Daylight Saving Time, and that the fire trucks arrived at the scene a few minutes after 5:00 A.M. Later, among the spectators at the fire, Miss Gregory pointed out both McDonald and Shriner to the police and they were arrested.

Defendant's principal contention is that the court in pronouncing its guilty verdict chose to ignore all testimony with respect to the lighting conditions existing at the time Miss Gregory allegedly saw the defendant, and instead based its acceptance of her identification of defendant on matters outside the record, namely, his own knowledge that at that time of the morning and year it was quite bright out. The State argues that courts do not operate in a vacuum, and that they may take judicial notice of that which everyone knows to be true. (*People* v. *Tassone,* 41 Ill.2d 7.) We agree with this principle but we do not find it to be applicable here.

It may well be that the lighting was sufficient to enable Miss Gregory to identify defendant, as there is much testimony in the record concerning porch lights, parking lot lights and post office dock lights adjacent to the apartment building. But, as argued by the defendant, the court specifically excluded such facts from his consideration in his findings, stating, "* * * the lights had nothing to do with this since according to everybody the time that these individuals were seen was not later than five fifty-five and not earlier than five forty-five, which is a quarter to six to five minutes to six in the morning, and the date given was September 18, 1966; at that hour of the morning, Daylight

Saving Time, it is quite bright and whether or not there were any lights would have no burden [sic] here."

It is apparent from this statement that the court was either mistaken as to the testimony concerning the time, for the record is clear that it was between 4:45 and 5:00 A.M. Daylight Saving Time, or that he was confused relative to the time the sun rises under Daylight Saving Time as opposed to Central Standard Time. Actually, 5:00 A.M. Daylight Saving Time is 4:00 A.M. Central Standard Time, and, though a court may under certain circumstances take judicial notice of lightness or darkness, (see *People* v. *Schwabauer,* 369 Ill. 261, where court found it to be dark at 7:00 P.M. in October, Central Standard Time), we cannot find that it is common knowledge that on September 18 at 4:00 A.M. Central Standard Time it is daylight. The contrary would more likely appear to be true.

We are thus faced with the fact that though the evidence in the record was strong as to identification and opportunity to observe, and perhaps sufficient to establish the guilt of defendant, nonetheless, such fact is wholly negated by the trial court's resort to personal knowledge rather than the record in determining guilt. In an analogous case we have held this to constitute a denial of due process of law, in that such a determination denies defendant the right to cross-examine and to confront the witnesses against him. (*People* v. *Wallenberg;* 24 Ill.2d 350.) Also, as stated in the same case, it does not help to cite the principle that in a bench trial the judge will be presumed to consider only admissible evidence and disregard that which is inadmissible in reaching his conclusion, for the court's statement quoted above necessarily rebuts this presumption. Under these circumstances we have no alternative but to reverse and remand for a new trial.

All of the other contentions of defendant are directed toward events occurring in his present trial, *viz.,* alleged

prejudice of the court in assessing a harsher penalty against him than that assessed against his co-defendant, alleged prejudicial cross-examination by the State, and the court's refusal to admit certain photographs in evidence where there is some question as to whether a proper foundation was laid for their admission. If there was error in this there is no reason to anticipate a recurrence in a new trial.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. Justice WARD took no part in the consideration or decision of this case.