THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES E. STEWART, Defendant-Appellant.

(No. 69-198;

Second District—December 3, 1970.

DAVIS, J., dissenting.

E. Roger Horsky, of Defender Project, of Elgin, for appellant.

William Ketcham, State's Attorney, of Elgin, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from a conviction for aggravated kidnapping. After a bench trial, defendant was sentenced to serve one to five years in the Illinois State Penitentiary.

The prosecutrix testified that, approximately at 3:00 A.M. while she was alone in a laundromat in the City of Elgin, County of Kane, the defendant entered, approached her and stood silently staring at her; that she became nervous and asked him to move away, but that, instead, he grabbed her arm and exhibited a knife and stated that she was going to go with him; that they went to her car, but finding it low on gas, drove to pick up his car about a block away; that he drove to a tavern and, finding it closed, drove to a cemetery located in Cook County, Illinois; that during all of this time, the defendant had the knife in his hand, but as they parked in the cemetery, he put the knife in his pocket; that they remained in the cemetery for approximately one and one-half hours, talking and petting; that the defendant eventually instructed her to disrobe; the act of intercourse occurred. Thereafter, they drove back to the laundromat, she got in her car, drove home, arriving at approximately 5:00 A.M., washed, checked on her children and then went to her aunt's home, two doors away, and related her story to her aunt. The police were called; she related her story to the police; she was taken to the hospital, examined and returned home. Later the same day, defendant was arrested and eventually was indicted on two counts (one, aggravated kidnapping, the other, rape). A bench trial was had, the defendant was found guilty of aggravated kidnapping, probation denied and sentence pronounced.

During the trial, the court allowed the aunt, Linda Tucker, and Elgin Police Officer Gough, to testify over the objections of the defendant. The

testimony of both witnesses was a recital of what the prosecutrix had told them and related in substance almost every detail of the incident. As a matter of fact, the aunt testified to matters of an inflammatory nature which had not even been related during the testimony of the prosecutrix. The testimony was admitted by the trial judge under the spontaneous declaration exception to the hearsay rule.

■■ The defendant contends that the testimony does not qualify under the spontaneous declaration exception. The standards for the exception are set forth in *People v. Poland* (1961), 22 Ill.2d 175, 181. The court stated that there were three criteria to allow a declarant's statement to be admitted under the spontaneous exception to the hearsay rule.

"(1) An occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence."

■■ It is quite clear that the statements of the prosecutrix to her aunt and the officer do not qualify as spontaneous declarations because of the second criteria. The prosecutrix did have time to fabricate, for according to her own testimony she returned to the laundromat, gathered her clothes, drove to her house, washed, and checked her children before telling her story to her aunt. The officer did not arrive until some time after this, thereby removing any possibility that prosecutrix's statement to him could fall within the spontaneous declaration exception.

■■■ There is considerable authority to support the plaintiff's position that the statements made by the prosecutrix to her aunt and the police officer were corroborative complaints which are limited to rape cases and distinguished from spontaneous declarations. This distinction has at times been forgotten, but the Supreme Court, in *People v. Damen* (1963), 28 Ill.2d 464, clearly distinguishes between the two. Corroborative complaints are allowed in rape cases; they consist of statements made by the prosecutrix at a time too remote to qualify as a spontaneous declaration. Proof of complainant's corroborative statement should be limited to the fact that a complaint was made. The only additions allowable are those that may be required to identify the event as the one before the court.

■■ In *The People v. Davis* (1957), 10 Ill.2d 430, 435, the court clearly defines the limit of such corroborating complaints.

"In rape cases, where the injured female is a witness, it is proper for her to testify that she made prompt complaint concerning the outrage which had been perpetrated upon her, and it is proper to permit the person to whom she complained to give testimony that the complaint was made, but it is not proper for such person to give the name of the accused or the details of the offense."

■■ In the present case, the record indicates that the testimony of the aunt and police officer were recitals of the testimony of the prosecutrix. The testimony of both witnesses would have been allowable under the corroborative complaint exception, but the amount and content of both witnesses' testimony violated the guidelines as stated in both *Damen* and *Davis, supra.* The testimony of the aunt and police officer were improperly admitted either under the spontaneous declaration or corroborative complaint exception and constituted admission of hearsay evidence.

The problem which must be considered is the admission of incompetent evidence during a bench trial. There is a presumption in Illinois law that if a trial court is the trier of the facts, it is presumed that the judge considered only admissible evidence, and that all incompetent evidence is disregarded in reaching his decision. This presumption is clearly stated in *The People v. Robinson* (1964), 30 Ill.2d 437, 439.

There are, however, a line of Illinois cases which, although recognizing this presumption, place a qualification on it. *The People v. Reichert* (1933), 352 Ill. 358, 361, states that in criminal cases, "Courts have no more right than a jury to convict the accused on incompetent evidence," nor have they the right to override rules of evidence in the trial of the facts. *The People v. Arendarczyk* (1937), 367 Ill. 534, 538; *The People v. Borrelli* (1946), 392 Ill. 481, 492.

A case considering the remarks of counsel presents a slightly modified view of the presumption in question. *The People v. Grodkiewicz* (1959), 16 Ill.2d 192, 200, observed that in a bench trial the judge is presumed to disregard all evidence except that which is competent and relevant. "(U)nless it affirmatively appears that the court was misled or improperly influenced by such remarks and that they were productive of a judgment and sentence contrary to the law and the evidence, we will not reverse."

This reasoning is followed in a line of recent Appellate Court cases: *People v. Smith* (1965), 55 Ill.App.2d 480, 488; *People v. Jackson* (1968), 95 Ill.App.2d 193, 199; *People v. Moore* (1968), 95 Ill.App.2d 89, 95; *People v. DeGroot* (1968), 108 Ill.App.2d 1.

■■ In *People v. DeGroot, supra,* (at page 11), during a bench trial evidence of a prior conviction was allowed into evidence and the reviewing court held such evidence to be inadmissible. The court recognized the presumption that the trial judge considers only admissible evidence in reaching his decision. The rule, however, is changed when it appears from the record that the inadmissible evidence was allowed by the trial court over objection. "When an objection has been made to the evidence and overruled, it cannot be presumed that the evidence did not enter

into the court's consideration. The ruling itself indicates that the court thought the evidence proper."

■■ From the review of the record we are of the opinion that, in this instance, the trial judge did believe the testimony of the aunt and police officer to be admissible evidence under the spontaneous declaration rule and, further, that he did rely upon such evidence in arriving at his decision.

Therefore this case is reversed and remanded for a new trial.

Reversed and remanded.

ABRAHAMSON, J., concurs.

Mr. JUSTICE DAVIS dissenting:

I reluctantly dissent from the majority opinion relative to the effect of the admission of incompetent testimony of the police officer and the aunt of the prosecuting witness. The trial judge in this case, the senior judge of the 16th Judicial Circuit, heard the case without a jury. There is no proof in the record that he was misled or improperly influenced by this evidence, or that it was productive of a judgment against, and a sentence of, an innocent person. The presumption that the trial judge disregarded all evidence except that which was competent and relevant has not been overcome. Therefore, I would affirm.