THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOSEA LEE VINE, Defendant-Appellant.

(No. 72-34;

Second District—September 29, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

William R. Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After a bench trial, defendant was convicted of armed robbery and now appeals, asserting that he is entitled to a new trial because he was tried by the same judge who had earlier presided at the jury trial of one of his co-defendants.

With others, defendant was indicted for the offenses of armed robbery and attempt of same, charges arising from an occurrence on June 14, 1970. During the early hours on that date, while the occupants of a second floor apartment in Aurora were having a party, defendants en-

tered the apartment, fanned out into the different rooms and proceeded, while armed, to rob various persons.

The defendants were originally joined for trial but, on motion, were severed. The proceedings for severance, as well as other pre-trial proceedings, were had before the same judge who subsequently presided at the jury trial of one of the co-defendants (Shelton), and who later tried defendant Vine.

Eight of the persons who had attended the party on the night in question were witnesses at defendant's trial. Four who had been in the back bedroom of the apartment testified, identifying defendant as the armed man who entered that room and announced a "stick-up." One of the witnesses testified that defendant robbed him at gun point.

Defendant contends that he was denied due process when the trial judge relied on matters outside the record in making his determination of defendant's guilt. The State argues that this point was not preserved for review because defendant failed to raise it in his written post-trial motion. Contrary to the State's position, the record discloses that this point was included as paragraph three in defendant's post-trial motion.

■■■ Defendant argues that the court relied on evidence from the co-defendant's jury trial, citing a comment made by the court prior to its finding of guilt: "Well, of course, the Court has to take into consideration the Court's files and the jury verdict in the Shelton case which was before me as a judge." This verbiage denotes a posture antithetical to Illinois law. We agree with defendant that the trial court resorted to evidence from the co-defendant's trial and thereby committed reversible error. There is no question but that a judge, sitting as the trier of fact, is limited to the record made before him, and it is a violation of due process to consider matters without that record. *People v. McDonald* (1970), 46 Ill.2d 92, 94-95; *People v. Wallenberg* (1962), 24 Ill.2d 350, 353-354; *People v. Rivers* (1951), 410 Ill. 410, 416-419; *People v. Mc-Miller* (1951), 410 Ill. 338, 341-342.

It is further contended that because the trial judge had participated in the jury trial of the co-defendant, he should have informed the defendant of this fact prior to trial or disqualified himself from hearing the case. Since a new trial will be required, we find no need to answer this contention. We do, however, suggest that on retrial, another judge be assigned the case to avoid any reoccurrence of this question.

The judgment of the circuit court is reversed and the cause remanded for a new trial.

Reversed and remanded.

ABRAHAMSON and GUILD, JJ., concur.