THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMOS JONES, Defendant-Appellant.

(No. 58945;

First District (5th Division)—March 1, 1974.

Paul Bradley, Deputy Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (John F. Brennan, Kenneth L. Gillis, and Sharon Hope Grossman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was found guilty after a bench trial of the offense of armed robbery, in violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 18—2) and was sentenced to a term of two to three years. He appeals arguing that the evidence is insufficient to establish his guilt beyond a reasonable doubt and that he was denied a fair trial when the trial judge improperly based his finding of guilty upon testimony which was not admitted into evidence at the trial.

Samuel Lipscomb testified for the State: On January 25, 1969, shortly after midnight, he was in the Kerfoot Liquor & Food Store located at 8462 South Vincennes, Chicago, Illinois. The owner, William Tillman, was behind the counter when, at approximately 12:30 A.M., the defendant came into the store with a second man. Both men had guns and announced a holdup. Shortly thereafter, a third man, also armed, came in. Defendant had been in the store approximately 20 minutes earlier that same evening. The men forced Lipscomb to give them his wallet and then ordered him to lie down on the floor. Defendant held a gun up to Tillman's head and told him to give them the rest of the money or he would kill him. Tillman complied. The witness described defendant's hair. It was odd looking, it appeared to be pressed, as if he were wearing a wig. Lipscomb further testified that as the men left they hollered "Blackstone Rangers". The entire robbery took approximately 20 minutes.

William Tillman testified for the State. He is the owner of the Kerfoot Liquor & Grocery Store and that on January 25, 1969, at approximately 12:30 A.M., he was present in his store with Sam Lipscomb when the defendant and two other men entered carrying guns and announced a robbery, taking approximately $700. The defendant whose hair appeared to be pressed or straightened down as if he were wearing a wig was the first man to enter the store. The lighting in the store was very bright. The entire robbery took approximately 20 minutes. The next time Tillman saw the defendant was several months later in a courtroom. In referring to the defendant Tillman stated, "You can never forget his face."

Amos Jones, defendant, testified for himself, that on January 25, 1969, he picked up his wife Jessie Mae Jones at the Sara Lee plant, Deerfield, when she got off work at 12:00 midnight. He then proceeded to his sister's house at 827 E. Bowens, Chicago, to pick up their kids, arriving there at approximately 1:00 A.M. Defendant's wife corroborated his testimony.

Defendant's first contention on appeal is that the evidence was insufficient to establish his guilt beyond a reasonable doubt because the

identification testimony was vague and uncertain. In a bench trial, credibility of witnesses is for the trial judge to determine. (*People v. Wright*, 3 Ill.App.3d 262, 278 N.E.2d 175.) The decision of the trial judge as to credibility of witnesses will not be disturbed unless it is based upon evidence which is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. (*People v. Catlett*, 48 Ill.2d 56, 268 N.E.2d 378.) The testimony of one witness, if positive and credible, is sufficient to sustain a conviction even though contradicted by the accused. *People v. Bonds*, 132 Ill.App.2d 827, 270 N.E.2d 575.

■■ In the case at bar, the testimony of Lipscomb and Tillman was positive and credible. They both testified that they observed the defendant in a well-lighted store during the robbery which took approximately 20 minutes. Minor discrepancies in the testimony of witnesses affect only the credibility of witnesses, which is a matter for the trier of fact to determine. (*People v. Thomas*, 127 Ill.App.2d 444, 262 N.E.2d 495.) The trial judge, after hearing all the evidence, determined that the two State's witnesses had sufficient time under adequate lighting to fix defendant's identity. After a complete review of the record before us, we cannot say that the trial court's determination was erroneous. The State's evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt.

■■ In this regard defendant also argues that his unrebutted alibi defense raises a reasonable doubt as to his guilt. A trial judge is not obliged to believe a defendant's alibi testimony. (*People v. Jackson*, 54 Ill.2d 143, 295 N.E.2d 462.) Here, the trial judge, after hearing all of the evidence, determined that the defendant was the perpetrator of the crime charged and we cannot say that defendant's alibi testimony raised a reasonable doubt as to his guilt.

Defendant's second contention on appeal is that he was denied a fair trial when the trial judge improperly based his finding of guilt upon testimony which was not in evidence at the trial. At a pre-trial hearing on a motion to suppress, several police officers testified that a co-felon, Thomas Woods, had been arrested and had implicated the defendant in the robbery of the Kerfoot Liquor Store. At trial no such evidence was adduced and Woods did not testify. In summarizing the evidence, the trial judge made the following statement:

> "And there can be no question about the fact that one of the robbers, Mr. Woods, started to jabber and in jabbering mentions the name of Amos Jones. Now, the jabbering of Mr. Woods gave a number of names. One of the names was Amos Jones. That in itself certainly would not be sufficient to find any kind of defendant guilty. The defendant is presumed to be innocent."

The trial judge then went on to summarize the evidence adduced at trial, including the testimony of the two eyewitnesses. The trial judge then said:

> "I find that I am satisfied with these two State's witnesses, corroborating the testimony of each other and the statements made by Mr. Woods, apparently all add up to satisfy the court beyond a reasonable doubt, and therefore the defendant is found guilty as charged in the indictment and a judgment will be entered on the verdict."

■■■ Defendant now argues that the above statement by the trial judge indicates that he improperly considered the statements made by defendant's co-felon, Woods, in finding defendant guilty when such statements made at a hearing on a pre-trial motion to dismiss were not admitted at trial. A trial judge, sitting as trier of fact, is not entitled to base his conclusions regarding a defendant's guilt or innocence or otherwise consider matters not in evidence. (*People v. Vine,* 7 Ill.App.3d 515, 288 N.E.2d 69.) In the instant case, the trial judge's comments clearly indicate that he considered Wood's statements in making his decision that defendant was guilty. These statements, however, were not in evidence at the trial. This conduct was error.

Therefore, defendant's conviction must be reversed and remanded for a new trial.

Reversed and remanded.

SULLIVAN, P. J., and DRUCKER, J., concur.