THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILBERT COLLINS, Defendant-Appellant.

(No. 59025;

First District (5th Division)—August 9, 1974.

Paul Bradley and Allen Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Dennis J. O'Hara, Assistant State's Attorneys, of counsel, and Robert S. Levy, Senior Law Student), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

After a bench trial, defendant was found guilty of rape and was sentenced to a term of 8 to 20 years. On appeal he contends: (1) he was not proven guilty beyond a reasonable doubt; (2) he was denied due process of law when the trial court considered matters not in evidence in arriving at a determination of defendant's guilt; and (3) the sentence imposed is excessive.

The following evidence pertinent to this appeal was adduced.

*Mary Hawthorn, the prosecutrix, testified*:

She is 50 years old. On May 14, 1972, at approximately 2 A.M. she returned home after visiting two ill neighbors in a hospital. She parked her car on Polk Street near her home. No one was walking on the street nor did she see anyone sitting in any of the cars parked along the street. As she was removing a chair from her car, defendant approached her from the rear, threatened her with a knife and forced her back into the car. Holding a knife to her neck, defendant directed her to drive seven blocks to a vacant lot. Once there defendant pushed her out of the car and shoved her into the back seat. He yanked at her slacks breaking all the buttons and causing her slacks to fall to her feet. As he placed his penis in her vagina he warned her to keep quiet. After nearly 10 minutes had elapsed, she struggled to unlock the door, but defendant struck her three or four times. She heard glass breaking a moment later and saw Chicago police officer Nathaniel Brown and two other police officers. She was taken to the police station and later to Cook County Hospital where she was examined by a doctor. She briefly told the doctor what had occurred and he wrote down information on a sheet of paper. Subsequent to the date in question, she has received several threatening phone calls.

*Nathaniel Brown testified for the State*:

He is a Chicago police officer and had worked the 8 A.M. to 4 P.M. shift on the date in question. At approximately 2 A.M. he was parked facing east in front of his home at 3342 West Polk Street about to go to a local bar. The street was brightly illuminated. He observed defendant, who was walking eastbound on the south side of Polk, cross the street and approach the prosecutrix. The witness turned his car around and drove west on Polk at approximately 20 m.p.h. Defendant passed in front of his car, walked up to where the prosecutrix stood alongside her car

and took hold of her pocketbook. He had a knife in his hand. The witness circled the block stopping 15 to 75 feet from the corner, approximately 100 feet east of the prosecutrix's parked car. He observed that defendant had his hand in her back, apparently forcing her back into her automobile. He followed defendant and the prosecutrix as they drove west six to eight blocks and parked in a vacant lot at 3937 West Lexington. The witness then drove to the Fillmore police station to obtain assistance. He drove back alone to the vicinity of the vacant lot and, when no assistance was forthcoming, drove back to the police station. He again returned to the vacant lot, this time accompanied by two Chicago police investigators. The three walked over to the parked car. The doors were locked. He observed defendant in the back seat of the car, on top of the prosecutrix. The investigating officers identified themselves. Defendant, who was naked from the waist down, jumped into the front seat and tried to put on his pants. The prosecutrix twice tried to open the door, but was knocked back by defendant. When defendant attempted to start the car, the witness picked up a rock, broke the glass, opened the door and pulled defendant from the car. After placing defendant under arrest, the investigators searched the car and found a knife. The witness did not recall the investigators finding any alcoholic beverages in the car.

On cross-examination, the witness admitted that he had not worked on the date in question.

*Defendant in his own behalf testified:*

On the date in question, at approximately 1:20 A.M. he was walking east on Polk Street on his way to the elevated trains. No one was on the street and no cars drove down Polk Street. He observed the prosecutrix attempting to remove a large chair from the rear of her automobile. She called to him and asked if he would help her. He pulled the chair out of the back seat and, at her direction placed it in her yard. He returned to where she stood by the car, and after finding that she needed no other assistance, announced that he was on his way to the train station. She asked him if he drank, and when he replied affirmatively, she said she had a fifth of "J.B." in the front seat of her automobile. He declined a drink, but accepted her offer to drive him to the train. They entered the car and he drove west on Polk Street, turned north on St. Louis and turned east into a gangway until they arrived at the intersection of another gangway into which he backed the car so that the prosecutrix could urinate. While he waited for her return, he had a couple of swallows from her bottle of liquor. When she returned to the car, she climbed into the back seat, removed her pants, and made it obvious what she expected of defendant. She was wearing a dress. He

climbed into the back seat, but before he could remove his clothing, there was a frantic knocking at the window. He saw a white man and a black man in plain clothing. They did not identify themselves. Although the back doors of the vehicle were locked, the front doors were not. The black man knocked out the front window and placed him under arrest. Defendant denied that he had forced her into the vehicle or that he had sexual intercourse with her. He admitted that he was armed that morning with a knife, but denied threatening her with it. Defendant also admitted telephoning the prosecutrix on two separate occasions to ask why she had accused him of raping her. She allegedly told him that she had panicked when she saw the police officer since he lived in the vicinity and had been stopping by her house. She further told defendant that she was sorry for having falsely accused him of rape, that all she wanted was her car window fixed and that if he brought $65 to court, she would drop the charges. Defendant also admitted writing a letter to the prosecutrix.

OPINION

Defendant first contends that he was not proven guilty beyond a reasonable doubt. The thrust of his argument is that the prosecutrix's testimony is not clear and convincing and not corroborated by credible testimony, or factual evidence. Defendant has highlighted certain testimony of the prosecutrix arguing that her allegation of rape is improbable in light of the place, her manner and the apparel she was wearing and that it is unlikely that she struggled to escape. He notes that no evidence, either clothing, police reports or medical records, corroborates her testimony. Defendant asserts that Officer Brown's testimony is not credible noting that neither the prosecutrix nor defendant observed any traffic or pedestrians at the time of the alleged abduction. Furthermore, he calls to our attention the improbability that he could have jumped into the front seat, struggled to put on his pants and at the same time prevented the prosecutrix from unlocking the doors. Defendant argues that the evidence supports his testimony that the prosecutrix consented to sexual intercourse and that they were interrupted prior to the act.

■■■ Reviewing courts have a special duty to carefully examine the evidence in rape cases. But in doing so the court may not encroach upon the function of the trier of fact to weigh credibility and otherwise assess the evidence presented. That evidence is conflicting will not justify a reversal of a finding of the trier of fact. (*People v. Reese*, 54 Ill.2d 51, 294 N.E.2d 288.) In order to sustain a conviction of rape, the testimony of the complaining witness must be clear and convincing or substantially corroborated by some other facts, evidence or circumstances. (*People v. Stagg*, 29 Ill.2d 415, 194 N.E.2d 342; *People v. Sims*, 5 Ill.App.3d 727,

283 N.E.2d 906.) A reviewing court will not disturb a verdict or reverse a judgment of conviction unless the evidence is so palpably contrary to verdict or so unreasonable, improbable or unsatisfactory as to cause a reasonable doubt of guilt of the accused. *People v. Sumner*, 43 Ill.2d 228, 252 N.E.2d 534.

Here, complaining witness' testimony was clear, convincing and corroborated by other testimony and evidence. She testified that defendant approached her from the rear, threatened her with a knife and forced her into the car. They drove to a vacant lot where he forced her into the back seat, yanked down her slacks, ripped off her underwear and forced her to have sexual intercourse. Corroborating these events was Officer Brown who saw defendant cross the street and seize complainant's pocketbook. He also noted defendant had a knife in his hand. Officer Brown followed defendant and complainant as they drove to a vacant lot where the rape took place. He observed that defendant was naked from the waist down. Defendant was arrested and a subsequent search of the car revealed a knife which defendant admitted owning. In view of this testimony and the corroborating evidence, we find defendant's argument that he was not proven guilty beyond a reasonable doubt without merit.

Defendant next contends that he was denied due process of law when the trial court considered the presence of the arresting police officers at the trial in arriving at the determination of his guilt. The record indicates that after entering defendant's sentence, and in response to defendant's comment on the propriety of the decision, the trial judge stated:

> "This is without a doubt, a situation in which there is no doubt this woman was telling the truth &#42; &#42; &#42; *plus there are still officers waiting to testify.* This is the way I looked at it. It certainly proved this beyond a reasonable doubt. And I don't think the sentence is excessive." (Emphasis added.)

Defendant argues that this statement indicates that the court improperly considered the potential testimony of the two arresting officers which, he asserts, is a denial of due process of law in that it deprives defendant of his right to confront the witnesses against him.

■■■ Clearly, a trial judge sitting as the trier of fact is limited to the record before him, and it is a denial of due process of law to consider matters outside the record. (*People v. Thunberg*, 412 Ill. 565, 107 N.E. 2d 843; *People v. Rivers*, 410 Ill. 410, 102 N.E.2d 303.) However, a presumption exists in Illinois law that the trial judge, when sitting as trier of fact, considers only admissible evidence, and that all incompetent evidence is disregarded in reaching his decision. (*People v. Robinson*, 30 Ill.2d 437, 197 N.E.2d 45.) This presumption is rebutted only when it

affirmatively appears that the trial court was misled or improperly influenced as would be indicated by a judgment or sentence contrary to the law or the evidence. See *People v. Grodkiewicz*, 16 Ill.2d 192, 157 N.E.2d 16; *People v. Smith*, 55 Ill.App.2d 480, 204 N.E.2d 577; *People v. Jackson*, 95 Ill.App.2d 193, 238 N.E.2d 196; *People v. Moore*, 95 Ill. App.2d 89, 238 N.E.2d 67.

In *People v. Quinn*, 2 Ill.App.3d 341, 276 N.E.2d 379, Quinn argued that a dialogue between the trial court and defense counsel illustrated that the trial judge, in his thought processes, considered a pre-trial admission in finding defendant guilty even though the admission had been suppressed. The appellate court held, *inter alia*, that the record did not affirmatively indicate that the inadmissible evidence was considered by the court in reaching its decision.

■■■ In the instant case, the judge's objected-to comment was made after the finding of guilt, after the hearing of evidence in aggravation and mitigation of the sentence, and after the entry of the sentence. In its complete context, the trial judge's comment indicates that he was convinced beyond a reasonable doubt of defendant's guilt by testimony elicited from the prosecutrix. When such testimony is found by the trier of fact to be clear and convincing, it will by itself sustain a conviction of rape. In our view, the trial judge's reference to the presence and availability of the police officers was surplusage that had no effect on his determination. At the very least, we do not find it affirmatively shown that the court considered evidence outside the record.

■■ Defendant has cited *People v. Wallenberg*, 24 Ill.2d 350, 181 N.E. 2d 143. In *Wallenberg*, it was held that the trial judge cannot use his own personal knowledge to contradict important testimony offered by the defense. Defendant's refuge in that decision is misplaced for here there has been no imput of personal knowledge on the part of the trial judge into the proceedings to contradict defense testimony. We also distinguish those cases where the trial judge heard and undoubtedly considered inadmissible evidence in reaching his determination. *E.g., People v. McDonald*, 46 Ill.2d 92, 263 N.E.2d 75; *People v. Jones*, 18 Ill.App.3d 198, 309 N.E.2d 776; *People v. Vine*, 7 Ill.App.3d 515, 288 N.E.2d 69; *People v. De Groot*, 108 Ill.App.2d 1, 247 N.E.2d 177; *People v. Stewart*, 130 Ill.App.2d 623, 264 N.E.2d 557.

■■■■ Defendant's final contention is that his sentence is excessive. Although the sentence imposed falls within the limitations prescribed by statute (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1), defendant urges that we exercise our discretionary power to reduce his sentence. (Ill. Rev. Stat. 1971, ch. 110A, par. 615 (b).) Normally, the trial court is given wide latitude in the imposition of the sentence since it is in the

best position to determine the circumstances, to weigh credibility, and to evaluate the record made at the hearing in aggravation and mitigation. (*People v. Short,* 4 Ill.App.3d 832, 281 N.E.2d 783.) This court will disturb that sentence only where the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or is out of proportion to the nature of the offense. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) These principles have not been violated here.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.