THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID E. FOX, Defendant-Appellant.

Fifth District   No. 77-317

Opinion filed February 16, 1979.

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Robert C. Perry and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the Madison County Circuit Court entered upon his plea of guilty to a charge of burglary and sentencing him to the custody of the Illinois Department of Corrections for a term of three to nine years for the offense of burglary.

Appellant asserts that the trial court erred in finding that appellant was not a drug addict within the meaning of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.*), and that appellant was ineligible for special sentencing under the aforesaid act.

On December 8, 1976, appellant was arrested for the offense of burglary. A subsequent search of appellant's apartment revealed numerous items taken in the burglary, including two bottles of prescription analgesics. Marijuana and drug-related paraphernalia, including one syringe and needle, were also discovered in the course of the search.

On March 16, 1977, the appellant entered a plea of guilty to an information charging him with the offense of burglary. The court accepted appellant's plea and ordered a presentence investigation and a psychological examination of appellant.

In the course of the investigation and examination appellant said he used various drugs. He reported that he had received treatment for drug use in 1971 while in the military, and had been discharged from the service in 1972 as a result of his drug use. The psychologist's report further stated,

"The impression was obtained that [appellant] is attempting to convey an image of exaggerated psychological difficulties at this time in an attempt or hope that consideration might be given him when sentenced to Menard. There may be some realistic concerns involved in his apprehension inasmuch as he may well have angered other people who [*sic*] he knows to be incarcerated there at the present time."

On April 14, 1977, a hearing in aggravation and mitigation was held.

The court noted the references to appellant's alleged drug use in the presentencing reports. Upon questioning by the court, appellant testified that he had been incarcerated for the five months preceding the hearing and while "it was pretty rough" during the first month of his imprisonment, he "felt a lot better now." Appellant further stated that he had not been treated for drug abuse previously. The person who had supervised appellant for the seven months preceding his incarceration testified that he had visited appellant in appellant's apartment regularly and had noticed nothing which led him to believe that appellant was using drugs.

The court continued the hearing to allow appellant's counsel to file a petition to elect to be treated as a drug addict, to obtain permission from appellant's parole board for appellant to be sentenced as a drug addict, and to have appellant evaluated to determine whether he was a drug addict. Appellant's petition was filed on April 15, 1977, and a hearing on the petition was held on June 2, 1977. The court had before it a letter from the senior co-ordinator of a drug rehabilitation program stating the appellant was "acceptable for treatment" in the program and a letter from a social worker employed by the Illinois Department of Mental Health stating that appellant had been addicted to opiates for eight years and had received 10 days of treatment for this addiction in 1971. After considering the evidence, the court determined that appellant was not a drug addict, and sentenced him to a term of three to nine years to the Department of Corrections.

■■ Under the sentencing provisions of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10) the function of the trial court is bifurcated. If the defendant is eligible and elects to be treated as a drug addict, the court is required to determine whether he is an addict, and if so, whether he is likely to be rehabilitated by treatment for his drug addiction. If the court finds that these precedent conditions exist, it must then exercise its discretion to determine whether it will sentence the defendant under the Act, or under the applicable provisions of the Criminal Code. (*People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621.) In this case the trial court found that appellant was not an addict, and therefore ineligible for treatment under the Act. Appellant contends that the trial court erred in so finding.

The final determination as to appellant's eligibility for sentencing under the Act is for the trial court. (*People v. Killion* (1977), 50 Ill. App. 3d 433, 365 N.E.2d 1155.) A reviewing court must defer to the trial court's superior ability to weigh credibility and evaluate the record made at the hearing in aggravation and mitigation, unless the trial court's determination is clearly erroneous. *People v. Collins* (1974), 21 Ill. App. 3d 800, 315 N.E.2d 916.

14

■■ ■ In this case evidence of appellant's addiction came primarily from appellant himself, and this evidence was inconsistent and contradictory. The fact that appellant's statements were repeated by mental health and drug treatment professionals does not enhance appellant's credibility; nor do the opinions of those professionals bind the court. (*People v. Moore* (1977), 46 Ill. App. 3d 313, 360 N.E.2d 995.) Furthermore, the psychologist's report indicated that appellant was highly motivated to exaggerate his psychological difficulties and that, in fact, he was doing so. We can only conclude that the trial judge had a sound and reasonable basis for his determination and performed his duties ably and conscientiously.

Accordingly, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KARNS and KUNCE, JJ., concur.