(No. 37509.— ▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHNNIE BROWN, Plaintiff in Error.

*Opinion filed November 26, 1963.*

Maynard B. Russell, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Defendant, Johnnie Brown, was found guilty of rape at a bench trial in the criminal court of Cook County. After judgment he was sentenced to a term of 15 years in the penitentiary. For a reversal of said judgment he now urges that the evidence was insufficient to show his guilt beyond a reasonable doubt.

It appears from the evidence that on the evening of April 10, 1961, Lilly Mae Thomas attended services at a church near 63rd Street and Cottage Grove Avenue in Chicago, departed for her home at approximately 1:00 o'clock in the morning, took an elevated train to downtown Chicago, transferred to another elevated train to Congress Street and Kedzie Avenue. From there she walked to her home at 3020 West Jackson Boulevard. The defendant was standing on the steps of the building next door when Mrs. Thomas approached her home. She testified that he offered her $10 for a date, she refused and walked past him. He then grabbed her, stuck a knife in her side and threatened to kill her if

she screamed. She promised not to scream and then he stated he was going to have intercourse with her. Mrs. Thomas then informed him that her husband would hear them and that there was a big dog in the yard. Then defendant placed the knife at her back and took her into a yard at 3024 West Jackson Boulevard. Threatening her with the knife, he ordered her to remove her panties. Her attempt to persuade him to let her go met with no success; he laid his coat on the ground, picked Mrs. Thomas up and forced her to lie upon it. He then ripped off her panties, placed the knife in the ground nearby and had intercourse with her. When she attempted to reach for the knife he warned her to leave it alone or that she would die.

The prosecutrix further testified that immediately after this happened defendant took $4 from her, picked up his coat and knife and departed. She then went to a nearby basement apartment, aroused the tenants and informed them of what had happened. She called the police, related the occurrence and gave a description of the defendant. On the afternoon of April 19, 1961, the defendant was observed walking down a street by certain police officers; he ran into an alley but was caught and placed under arrest. When asked why he ran away he gave no reply. Later that same day he was identified by Mrs. Thomas in a line-up of 5 men at a police station; he was wearing the same clothes worn by him on the date of the incident.

Defendant denied he had raped the prosecutrix, denied he ran from the police and also denied that he was identified by Mrs. Thomas in the line-up. He testified that he was at home at the time of the assault and that he was also at home on the evenings of April 3 and April 6, 1961. Eunice Brown, the common-law wife of defendant, testified that she returned home at about 2:30 on the morning of April 11, 1961, and saw the defendant playing cards with a friend William. William did not testify. Violet Childs, a neighbor who testified for defendant stated that she saw the defend-

ant on many occasions at home at 1315 S. Komenski Avenue but did not know whether or not he was home during the early morning hours of April 11, 1961.

The defendant has pointed out various minor discrepancies and certain alleged improbabilities in the testimony of the prosecutrix. The matter of the credibility of the witnesses is generally an issue for the determination of the trial court who has the opportunity of seeing and observing the manner and demeanor of the witnesses. From an examination of the record we are of the opinion that the trial court was justified in believing the testimony of Mrs. Thomas. Nor do we believe that any of the minor inconsistencies are of such a consequence as to raise a reasonable doubt of the defendant's guilt. A positive identification by one eyewitness is a sufficient basis for a conviction. *People* v. *Lacey,* 24 Ill.2d 607.

The evidence in this record does not justify the claim of the defendant that the conduct of Mrs. Thomas does not show sufficient resistance on her part to justify a finding of forcible rape. The facts and the surrounding circumstances clearly reveal that both resistance and an attempt to make an outcry by the prosecutrix would have been futile. In *People* v. *Harrison,* 25 Ill.2d 407, it was pointed out that where the defendant flashed a knife and threatened to kill the victim the evidence was sufficient to show that the prosecutrix had not participated voluntarily.

We cannot agree with the contention of the defendant that his alibi should have been accepted by the trial court. Our review of the evidence in the record, on the contrary, reveals that the trial court was justified in rejecting as not credible such alibi evidence. The credibility of much of the alibi testimony was successfully attacked.

In the case at bar there appears to be no contradiction as to the evidence concerning the robbery and rape of the prosecutrix. The issue concerned here is one of identity. The identification of the defendant was direct, clear and

positive. The testimony of the complaining witness is not inconsistent nor does there appear to be any reason for regarding it as unworthy of belief. Under these circumstances, as declared by this court in *People* v. *Mack,* 25 Ill.2d 416, we cannot say that her testimony is insufficient to establish the crime of rape, without further corroborating evidence. For the foregoing reasons the judgment is affirmed.

*Judgment affirmed.*