**People of the State of Illinois, Defendant in Error, v. Walter DeFrates, Plaintiff in Error.**

**Gen. No. 49,474.**

First District, Second Division.
September 29, 1964.

Alan Masters and Richard H. Devine, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, of counsel), and Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE FRIEND delivered the opinion of the court:

Defendant was charged and tried, without a jury, of the crimes of rape and deviate sexual assault. The court found him guilty of rape and sentenced him to ten to twenty-five years in the Illinois State Penitentiary.

In his nine-page brief, with three pages of argument, defendant asks for a reversal on the ground that the People failed to prove beyond a reasonable doubt that the act of intercourse was forcible and against the will of the complaining witness. The act of intercourse is admitted; the problem is whether complainant gave her consent.

The facts, briefly stated, are as follows. Complainant lived with her husband and three young daughters in the suburban community of Westchester. Defendant was a heating and air-conditioning engineer who serviced homes in the subdivision where complainant's family lived. Defendant had made a number of service calls from late October 1961 to April 12, 1962, the day of the alleged rape, coming at various hours of the day and night, depending on when his services were needed. Complainant had been alone with defendant on several of these calls, and defendant had never sought to take advantage of her husband's absence.

On the night in question complainant testified that she was awakened from her sleep at 2:45 a. m. by a

278

telephone call from defendant. He said he was out on a house call about five minutes away from her home and wanted to come over to check the furnace and sump pump because her husband had called a few days previously and had asked him to make a service call. Complainant told him not to come, saying that her husband was not home and she was alone with her three daughters. Defendant answered that he had promised her husband he would make a service call and that he would be right over. He then hung up the receiver. Defendant admits calling complainant but claims his call was in response to calls from complainant to defendant's office asking that a service call be made. Defendant's testimony as to these calls from complainant was corroborated by one of defendant's employees. By the time defendant arrived at complainant's home she had taken off her pajamas and put on underpants, a brassiere, a slip, shoes, and a brunch coat which extended below her knees. Upon his arrival defendant's conduct was consistent with his stated purpose. Among other things, defendant checked the thermostat directly outside the bedroom of complainant's ten-year-old daughter, and, because the girl was awake, they exchanged helloes. Because he was so cold, defendant asked for and, after persisting, received a glass of Scotch; complainant had none. For a while defendant resumed work on the heating unit and gauges but then made advances to complainant. From this point on there is a conflict in the evidence. Complainant claims she resisted defendant's advances as vigorously as possible consistent with her own and her three daughters' safety, while defendant claims she encouraged them. According to complainant, defendant forced her into her bedroom where the act of intercourse occurred. Upon finishing, defendant put one arm over her chest and the

other arm under her head and one leg over her legs in a manner akin to a scissors lock. She was not able to escape until later by using a ruse; she told defendant that the girls' alarm clock had to be turned off, and he allowed her out of bed. She then fled next door with her three daughters. The neighbors testified that complainant and her three daughters did appear at their door early that morning. Complainant, looking very ruddy and flushed and talking extremely incoherently, said that she had been raped. While she was next door, defendant got in his car and drove away.

Reviewing courts are especially charged with the duty of carefully examining the evidence in rape cases. People v. Kazmierczyk, 357 Ill 592, 192 NE 657 (1934). In addition, it is the duty of a reviewing court to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt. People v. Abbate, 349 Ill 147, 181 NE 615 (1932). After carefully examining the evidence, we believe that there is no reasonable doubt as to defendant's guilt. The complaining witness' testimony in and of itself was sufficiently convincing to lead to an abiding conviction of defendant's guilt. People v. DeFrates, 395 Ill 439, 70 NE2d 591 (1947). The record discloses facts and testimony which are corroborative of complainant's testimony. There is the testimony of a police sergeant that he found a bruised spot to the left of complainant's trachea slightly above her clavicle; this coincides with her testimony that defendant choked her when she tried to resist his advances. In addition, complainant had a vaginal infection which caused her a considerable amount of pain during the act of intercourse; in this condition, it is inconceivable that she would encourage defendant's advances. There is also the testimony of the neighbors as to the appear-

ance of complainant and her three children at their door at 6:00 a. m., on a cold morning—the children barefoot, complainant extremely upset, stating that she had been raped. These are not the actions of a woman who decided to have extramarital relations; she certainly would have cloaked her activities in the utmost secrecy.

The judgment of the Criminal Court of Cook County is affirmed.

Judgment affirmed.

BRYANT, J., concurs.

BURKE, P. J., dissenting:
There is a reasonable doubt. The judgment should be reversed.

### ON REHEARING

Having allowed the petition for rehearing and the answer thereto, and having again examined the briefs and considered the petition and answer, we have decided to adhere to our original opinion.