**People of the State of Illinois, Plaintiff-Appellee, v. George L. Strong, Defendant-Appellant.**

**Gen. No. 53,335.**

First District, Third Division.

January 29, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant George Strong was found guilty of rape in a nonjury trial and sentenced to the penitentiary for a term of one to five years. In this court he contends that he did not expressly and understandingly waive a jury trial and that the State failed to prove him guilty beyond a reasonable doubt.

The prosecutrix, a married woman and the mother of five children, was employed as a desk clerk and maid at a small hotel on Chicago's south side. She testified that she was changing bed linen on August 10, 1966, at approximately 3:00 a. m., when Strong, whom she had never seen before, entered the room and asked if she knew a man by the name of "Johnny." She told him she did not, but that she would check the list at the desk for his name. As she stepped into the hall Strong, who was swaying back and forth, blocked her way. With a knife in his hand he forced her back in the room, saying as he did so, "I have already killed one woman. I hate to have to kill you." She told him there was money in the office; he replied that he did not want money and said, "You know what I want. I want you," and started feeling under her dress. He ordered her to get into bed, pulled her underclothes off with her assistance and had sexual intercourse with her.

The bell at the front desk rang and she said the manager probably had come in to check on her and if she did not appear the manager might call the police. Strong asked if she would come back and she assured him she would. A man and a woman were at the desk waiting to register. She was trembling and the woman asked her

55

what was wrong; she told the woman what had happened and asked her and the man to stay there while she telephoned the police. They said they would and she entered the office and made the call.

When the police responded to her call, she told them that she had been raped and that the man who raped her was in a room down the hall. She pointed out the room; police officers pushed the door open, flashed a light into the dark room and ordered the man to come out. He was searched and a knife was found in his pocket. When asked what he was doing there he replied that he was waiting for "Janet," his girl friend. As he was being taken from the building he pointed out the prosecutrix as "Janet." She stated that her name was Victoria, not Janet, and that she did not know the man.

Strong testified that he knew the prosecutrix for a few weeks prior to the night he was arrested and had been with her on three occasions. The first time he met her was in late June or early July 1966, when he approached her as she was standing on the sidewalk near the hotel. She was attractive and he said he would like to see more of her. She was friendly and told him that she would soon be working at the hotel. He said he was familiar with the hotel because he was a friend of the owner's nephew and that he would be dropping in to see her. He did so toward the end of July. She was alone at the desk and he suggested that if she would tell him what room she would be in he would buy some beer and meet her there. She smiled and agreed. She gave him a room number and he met her. He told her he had a job, would be making nice money and would give her some. He fondled her, turned the lights out and had sexual relations with her. This was repeated a week or two later. This time she asked about money and he promised he would give her some when he got paid. The next time he saw her was the night he was arrested. After they

had intercourse she asked if he had anything for her. He said no and she swore at him. Just then the bell rang and she got up and left. He waited, unsuspectingly, for 25 or 30 minutes, for her to return. He admitted possessing the knife but denied pulling it from his pocket, threatening the prosecutrix or forcing her to have relations with him.

At the police station, after his arrest, Strong also said that he had known the prosecutrix since the last of June or the first of July and he denied raping her. He said nothing, however, about having intercourse with her on prior occasions.

A witness for Strong went beyond his testimony. She testified that he and the prosecutrix were together on an occasion that he did not mention. She said that at 8:00 a. m., on a day in late June or early July, as she was on her way to attend a meeting in her church, she saw him sitting in his auto. She stopped and asked him to drive her someplace after the meeting was over; he said he could not because he had to take the girl who was with him to the north side. She testified that this girl was the prosecutrix.

Although the prosecutrix was not called in rebuttal, her direct testimony contradicted Strong's testimony and that of his witness. She had testified on direct examination that she started to work at the hotel the last week in July and that the first time she saw Strong was the night of the rape.

 Because the prosecutrix helped the defendant remove her undergarments, made no outcry and did not resist him, he claims that the evidence did not establish beyond a reasonable doubt that the intercourse was against her will. A conviction for rape can be upheld only if the victim's will to resist has been overcome. Ill Rev Stats 1963, c 38, § 11–1. While the evidence must prove that the act was against her will, there is no definite standard for determining the amount of resistance

required. Such a determination must be made from the facts and circumstances of each case. People v. Smith, 32 Ill2d 88, 203 NE2d 879 (1965); People v. Faulisi, 25 Ill2d 457, 185 NE2d 211 (1962). When the victim retains the power to resist, voluntary submission, no matter how reluctantly yielded, constitutes consent. People v. Rossililli, 24 Ill2d 341, 181 NE2d 114 (1962). Resistance is unnecessary, however, under circumstances where it would be futile or dangerous, such as when the defendant is armed with a dangerous weapon. People v. Scott, 82 Ill App2d 109, 227 NE2d 72 (1967).

██ The prosecutrix submitted to the act only after Strong brandished a knife and threatened to kill her. She did not have to endanger her life by resisting forcibly, or run the risk of being slashed by the knife by crying out. As far as she knew he held the knife in his hand throughout the act. She frankly stated on direct examination that she helped take off her underclothing, but under the circumstances this behavior does not indicate the voluntary submission necessary to constitute consent.

██ The defendant points to the lack of medical testimony as tending to create a reasonable doubt of his guilt. After the events at the hotel, the prosecutrix was taken to two hospitals for medical examinations. No doctors testified at the trial and no medical records were introduced. The prosecutrix did not testify that she was lacerated or bruised and, since the intercourse was freely admitted by Strong, medical evidence that sexual intercourse had taken place would have been immaterial.

██ The uncorroborated testimony of a prosecutrix is sufficient to sustain a conviction for rape if her testimony is clear and convincing. People v. White, 26 Ill2d 199, 186 NE2d 351 (1962). If her testimony is not of such character it must be corroborated by other evi-

dence. People v. Faulisi, 25 Ill2d 457, 185 NE2d 211 (1962). In the case at hand, not only was the prosecutrix' testimony clear, unshaken and convincing, but it was supported by other evidence. She made an immediate complaint to the couple who rang the bell and she telephoned the police at once. Upon their prompt arrival, she repeated her complaint and led them to the room where the rape occurred and to the man she accused. A complaint promptly made is itself corroborative of a rape victim's testimony. People v. DeFrates, 395 Ill 439, 70 NE2d 591 (1946); People v. Hayes, 93 Ill App2d 198, 236 NE2d 273 (1968). Furthermore, the fact that the prosecutrix was shaking after the occurrence tended to support her complaint, and her charge that her attacker was armed with a knife was immediately substantiated.

 The sufficiency of evidence and the weight to be given the testimony of witnesses are questions to be determined by the trier of facts. In view of the opportunities for observation of the witnesses available to the trial judge in a nonjury trial, a court of review will not disturb a guilty finding unless the proof is so unsatisfactory or implausible as to justify a reasonable doubt of the defendant's guilt. People v. De Groot, 108 Ill App 2d 1, 247 NE2d 177 (1969); People v. Pendleton, 75 Ill App2d 314, 221 NE2d 112 (1966). In judging the credibility of the witnesses in this case the court observed:

> "I have to say that the complaining witness seemed like a forthright person, not revengeful, a married woman with five children; and I can't say that the defendant appeared straight forward, either in his answers or his demeanor."

A careful examination of the record reveals no reason to disagree with the court's appraisal of the witnesses nor

with its finding that the evidence was sufficient to establish the defendant's guilt.

The defendant questions the propriety of the court's acceptance of his waiver of a jury trial. He contends that the waiver was not understandingly made since there was no explanation in open court of the meaning of a jury and a nonjury trial.

At the outset of the trial, the following colloquy occurred:

> The Court: "We will have the defendant step forward. This is a bench or a jury trial?"
>
> Defendant's Attorney: "It will be a bench trial, Your Honor."
>
> . . . . . .
>
> The Court: "Your attorney has indicated that you wish to have this matter tried by the Court without a jury. Is that your wish?"
>
> The Defendant: "Yes."
>
> The Court: "You understand that you have a right to a jury trial, but if it is as your attorney says, you can waive that right and have the matter tried by the Court without a jury. Do you understand that?"
>
> The Defendant: "Yes."
>
> The Court: "Would you indicate your wish by signing a jury waiver?"
>
> Defendant's Attorney: "The jury waiver has been signed."

 Every person accused of an offense has the right to a trial by jury unless he understandingly waives this right in open court. Ill Rev Stats 1967, c 38, § 103–6. The trial court has the duty to see that an accused's election to waive a jury is expressly and understandingly made. People v. Clark, 30 Ill2d 216, 195 NE2d 631 (1964); People v. Denson, 110 Ill App2d 451, 249 NE2d 728

(1969). In the present case the defendant's attorney informed the court that there would be a bench trial and the defendant's affirmative responses to the court's questions showed that he knew he had the right to be tried by a jury and that he understandingly waived that right.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.