The People of the State of Illinois, Plaintiff-Appellee, *v.* Isaac Griggs, Defendant-Appellant.

(No. 53873; )

First District—December 3, 1970.

258

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and John Gibaites, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Isaac Griggs was tried by the court, found guilty of rape and sentenced to the penitentiary for a term of four to eight years.

The prosecutrix was a 16-year-old girl who was baby-sitting at home with her 2-year-old nephew. Griggs rang the doorbell about 11:00 in the morning and identified himself as a cosmetic salesman. The prosecutrix removed the chain lock from the door and told him to come in. He displayed his samples and she ordered one or two items. She testified that as she started to sign the order he seized her neck, placed a knife at her throat, ordered her into a bedroom, told her to remove part of her clothing and raped her. She said she was crying and hysterical and too frightened to scream. He asked her if there was money in the house and she said there was none but gave him one dollar of her own. He went to the kitchen where the small boy was watching television. He took the portable television set from the kitchen and two transistor radios from the bedrooms and placed them in a large box. After telling her that he would kill her and bomb her house if she told the police about him, he picked up the box and his cosmetic case and walked out the front door.

When he was gone, she telephoned her mother who in turn called the police. The police came five or ten minutes later. She told them she had

been raped but did not tell them that the rapist was a cosmetic salesman; she said the rapist had entered the house through a window and accosted her while she was sleeping. She told the same story to a doctor at the emergency room of the hospital where the police immediately took her.

The hospital report, which was admitted into evidence by stipulation, described her condition as excited and hysterical. Policemen tried to talk to her at the hospital but could not because she was screaming and crying. However, the following day, when they interviewed her, she informed them that assailant sold cosmetics. She explained, at the trial, that she had concealed this information the first day because of the threats Griggs had made.

Griggs was arrested at his home the day after the rape. The television set and two radios were found in his bedroom.

At his trial he admitted having sexual relations with the prosecutrix but claimed it was with her consent. He testified that he showed her samples of his merchandise. As she was about to sign her name on the order he asked for a glass of water. She brought one from the kitchen and inquired about the brand of pipe tobacco he was smoking. This led to talk about marijuana and he produced two "reefers" which they smoked. She asked if he could get her some narcotics and gave him $10.00, the television set and the two radios to use for this purpose. They were "high" from the marijuana and started kissing; she removed her garments voluntarily and they had sexual relations. After promising to return with the narcotics late that afternoon, he left by the front door with a box containing the articles in one hand and his briefcase in the other.

Griggs further testified that he was on his way to the complainant's house with the TV set and radios when the police arrested him. He also said that he intended to stop on the way and get her three or four cans of "reefers" and three or four bags of cocaine. The arresting officer testified in rebuttal that the defendant had nothing in his possession at the time of the arrest.

■■ Because the prosecutrix gave two inconsistent statements about the attack, took off her own slacks and underclothing, made no outcry and did not resist him, the defendant argues that there is a reasonable doubt that the intercourse was against her will. When a conviction for rape depends upon the testimony of the prosecutrix, her testimony, unless clear and convincing, must be corroborated by other evidence. (*People v. Brown* (1967), 86 Ill.App.2d 163, 229 N.E.2d 922.) The evidence must establish that the sexual act was forcible, was against her will and that her will to resist was overcome. (Ill. Rev. Stat. 1967, ch. 38, par. 11—1.)

There is no definite standard for determining the resistance required and each case must be judged by its own facts and circumstances. When the victim has the power to resist, voluntary submission, no matter how reluctantly yielded, constitutes consent. Resistance, however, is unnecessary where the prosecutrix is overcome by fear or where resistance would be useless or dangerous. *People v. Strong* (1970), 120 Ill.App.2d 52, 256 N.E.2d 76; *People v. Scott* (1967), 82 Ill.App.2d 109, 227 N.E.2d 72.

■■ The prosecutrix' failure to tell the police officers and the doctor in the hospital that the rapist was a cosmetic salesman who entered the home with her consent detracts little from the credibility of her testimony. The defendant himself testified to these facts. Her explanation that she was afraid of reprisal if she identified him is understandable. The prosecutrix candidly stated that she removed her own clothing, but her doing this, in view of the fact that the defendant ordered her to do so after seizing her by the neck and threatening her with a knife, does not establish the voluntary submission necessary to constitute consent. (*People v. Strong, supra.*) Nor does her failure to scream support an inference of consent. She was distraught, in tears and helpless; resistance would have been futile; screaming, if she had the impulse to do so, useless.

■■ The prosecutrix' testimony was corroborated as well as convincing. The arrival of the police on the scene in response to her mother's telephone call substantiated the prompt complaint she made to her mother. She repeated this complaint to the police within five or ten minutes after the rape occurred. A complaint promptly made is corroborative of a rape victim's testimony. (*People v. Hayes* (1961), 93 Ill.App.2d 198, 236 N.E.2d 273.) Moreover, her hysterical condition after the occurrence supported her version of what had taken place. The testimony of the prosecutrix was convincing, that of the defendant was not. The evidence established the defendant's guilt beyond a reasonable doubt.

■■ The defendant questions the court's acceptance of his jury waiver and claims that he did not knowingly and understandingly waive his right to a jury trial. When the defendant's case was called the following occurred:

The Clerk: "Isaac Griggs.

The defendant's attorney: Your Honor, Isaac Griggs is before the court relative to indictment 67-2351 charging him with the offense of armed robbery. Mr. Griggs is 19 years of age.

The defendant: Right.

The defendant's attorney: And is filing his jury waiver at this time.

Is that your understanding, Mr. Griggs?
The defendant: Yes.
The court: You ready for trial and waiving a jury, right?
The defendant: Yes.
The court: Swear the witnesses."
This record shows that a jury trial was waived by both the defendant and his counsel. The waiver by his attorney, made in the defendant's presence and without objection by him, was itself sufficient to constitute a knowing and understandingly made jury waiver.

The judgment is affirmed.

SCHWARTZ and McNAMARA, JJ., concur.