THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL SIMS *et al.*, Defendants-Appellants.

(No. 54191;

First District—May 4, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz, Assistant Public Defender, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (William K. Hedrick, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Daniel Sims was found guilty of rape and was sentenced to the penitentiary for a term of ten to twelve years. The evidence presented by the State at the non-jury trial consisted of the testimony of the prosecutrix, her sister and her mother. The defendant did not present any evidence in his behalf.

These points are raised on appeal: the State failed to prove the use of force; the testimony of the complaining witness was neither clear and convincing nor substantially corroborated, and both the minimum and maximum sentences are excessive.

The 17-year-old prosecutrix, her sister, and two girl friends went to the 57th Street beach in Chicago on a July afternoon. Around 4:30 P.M., Daniel Sims and his younger brother Ervin began a conversation with the girls and asked them if they wanted to go to a hamburger stand. Two other young men joined the group. Instead of getting a hamburger, all of them went to Ervin Sims' apartment where the girls changed their clothes and had some food. At approximately 6:30 in the evening, the group left the apartment in two cars. The prosecutrix entered a car with the Sims brothers; the balance of the group got into another automobile.

The Sims car followed the other auto until it turned into a dead-end street. The cars then separated and Ervin Sims drove to an industrial area near 103rd Street and Stony Island Avenue, which was surrounded by water and mounds of dirt. On the way, the prosecutrix, who was seated between the brothers, asked to be let out so she could find her friends. Daniel replied that they were going to find them. The car stopped and she again asked to be let out; Daniel said she could not and grabbed her arm. He told her if she screamed he would break her arm. She kept begging, "Let me go."

Daniel put the back of the seat down and, while squeezing her arm, pushed her back. Ervin removed the girl's lower garments and pried her legs apart. Despite her protests he attempted to have intercourse with her. He was unable to accomplish penetration and Daniel said, "I'll get it in." Daniel then sexually assaulted her and, upon completion of the act, stood outside the automobile. Ervin resumed his attempt and succeeded in having sexual relations with her. After he was finished Daniel returned the girl's clothes, told her to get dressed and said he was sorry about what had happened, that he did it "just for kicks."

The prosecutrix pleaded to be taken home. While still seated between her assailants, she was driven to the vicinity of her home on Chicago's west side. There were several people on the street whom she did not recognize. She walked to her nearby home, interrupted her mother who was talking on the telephone, and cried, "Mother I was raped."

Her mother and a married sister rushed her into the bathroom, prepared and administered a douche, and called the police. She was taken in a squad car to the County Hospital where she was examined by a physician. No medical evidence was introduced at the trial.

 The defendant contends that because the prosecutrix did not testify that she was physically struck, received cuts or bruises or had torn clothing, the force necessary to sustain a rape conviction was not proven. There is no definite standard concerning the amount of force required to establish the offense of rape. (*People v. Scott* (1967), 82 Ill.App.2d 10, 227 N.E.2d 72.) In weighing the evidence of force, it is proper to consider the disparity in size and strength of the parties and the place and conditions under which the act took place. (*People v. Perez* (1952), 412 Ill. 425, 107 N.E.2d 749; *People v. Lee* (1968), 96 Ill.App.2d 105, 238 N.E.2d 63.) Daniel and Ervin Sims were respectively 30 and 21 years of age. The prosecutrix was 17. Besides possessing superior physical advantage, they had her confined between them in an automobile which was parked in a deserted area. Daniel grabbed her arm, threatened to break it, and pushed her back on the reclined seat. His brother removed her clothing and forced her legs apart while she

pleaded that she was a virgin and begged to be released. She could not get away and she resisted to the extent possible.

■■■ Contrary to the defendant's contention, there was evidence of injuries on her body. Her legs were swollen and sore; there was a bruise on her elbow and there was vaginal bleeding. There is no requirement that when an attempt is made to rape a woman she must subject herself to serious physical harm. (*People v. Murphy* (1970), 124 Ill.App.2d 71, 260 N.E.2d 386.) The resistance of the prosecutrix demonstrated that the intercourse was against her will and, under the circumstances, further resistance would have been futile and might have resulted in serious bodily harm.

■■ The defendant asserts that because the prosecutrix voluntarily accompanied two previously unknown men and did not make an outcry or attempt to escape, the inference can be drawn that she consented to the intercourse. It is rather obvious that the girl was foolhardy in accompanying strange men. However, until the time when the two autos separated, she had no cause to be alarmed. The girls in the first car were not molested. It was only when the car she was riding in came to a halt in the secluded area that her safety was definitely jeopardized. The automobile windows were closed and there were no people in the vicinity. Escape would have been impossible—outcries useless.

■■ If a complainant's testimony is not clear and convincing, it must be corroborated by other evidence. (*People v. Strong* (1970), 120 Ill.App.2d 52, 256 N.E.2d 76.) Here, the complainant's testimony was not only clear and convincing but it was corroborated by her immediate complaint to her mother. The disclosure of the rape did not have to be made when she left the car and saw several strangers on the street. Under the circumstances, it was sufficient for her to forego possible aid from strangers and seek the certainty of the assistance in her own home.

■■■ The sufficiency of evidence and the weight to be given the testimony of witnesses are questions which are determined by the trial judge in a non-jury case. A court of review will not disturb a guilty finding unless the proof is so unsatisfactory that it justifies a reasonable doubt of the defendant's guilt. The evidence was neither improbable nor unsatisfactory. The defendant's guilt was proven beyond a reasonable doubt.

■■ The power to lower sentences (Ill. Rev. Stat. 1965, ch. 38, par. 121—9(b)(4)) must be used with considerable caution and should be exercised only in appropriate cases where there are substantial reasons for doing so. (*People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673; *People v. Valentine* (1965), 60 Ill.App.2d 339, 208 N.E.2d 595.) The statutory penalty for the crime of rape is imprisonment in the penitentiary for an indeterminate term with a minimum of not less than one year.

(Ill. Rev. Stat. 1965, ch. 38, par. 11—1(c).) In view of Sims' criminal record the sentence imposed upon him was not improper: five years probation for rape in 1956, two to five years imprisonment for armed robbery in 1957, a five-year term in the penitentiary for violation of probation in 1957, and a two-year sentence for possession of narcotics in 1963. The judgment of conviction and the sentence are affirmed.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.