THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED WILLIAMS, Defendant-Appellant.

(No. 61702;

First District (5th Division)—October 24, 1975.

James Doherty, Public Defender, of Chicago (Dennis E. Urban and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was indicted for rape and robbery in violation of sections 11—1 and 18—1 of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, pars. 11—1 and 18—1.) After a bench trial, he was found guilty of both crimes and sentenced to a term of not less than four nor more than eight years on each count, to be served concurrently. On appeal defendant contends that (1) he was not proven guilty beyond a reasonable doubt; (2) he was not convicted of robbery; and (3) the minimum sentence for robbery was excessive.

The evidence adduced at trial was as follows:

Linda Harris testified for the State that on October 4, 1973, at approximately 10 p.m. she left her apartment on the thirteenth floor, walked down a flight of stairs to the twelfth floor, which was the highest floor the elevator served, and took the elevator to the first floor of her apartment building. She was on her way to collect money for goods she had sold to a first-floor resident. Upon arriving at the first floor she found the resident was not at home, and she returned to the elevator intending to return to her apartment. The area around the elevator was well lit and while waiting she noticed four other people were also waiting, a couple and two other men, one of whom she subsequently identified as defendant. She observed these people for two to five minutes before the elevator arrived. All five then entered the elevator, which also was well lit, and the couple exited on the eleventh floor. As the doors opened on the twelfth floor, she started to leave when suddenly defendant grabbed her by the arm and held his hand over her mouth. The door closed and the other man, who was light skinned, searched her and removed $11 from a shirt pocket. She asked her assailants not to hurt her, and they said if she did not scream, she would not be hurt.

Defendant then told her to remove her clothes and when she did not, he proceeded to remove them. The light-skinned man pressed the fourth floor elevator button and upon arriving there defendant pulled her from the elevator and forced her to the floor. The light-skinned man went down the hall to assume a "lookout" position, and defendant proceeded to have sexual intercourse with her. During the intercourse, he either held her down by the shoulders or choked her. Defendant and the light-skinned man then switched positions, and he also had sexual intercourse with her. The two assailants then fled.

She then put on her coat and picked up the rest of her clothes. She returned to the elevator, upset and crying. Inadvertently she pressed the first floor button instead of the twelfth floor button. When the doors opened, she told the three men who were waiting for the elevator that she had been raped. They assisted her to the thirteenth floor apartment

of a friend, Junette Berry. She told Berry that she had been raped and to call the police. The police arrived, and she was taken to Cook County Hospital where she was examined by a doctor. She also gave the police a full report of the rape and described defendant as "5'6" to 5'9" tall with small eyes."

Mrs. Harris further testified that on October 13, 1973, she and a friend were driving along Madison Street when she saw defendant standing among a group of men at 11 North Leavitt. She told her friend to go around the block to make sure that it was her assailant. When they returned, defendant had left. She immediately hailed a passing police car and told the officers of the recent rape and of having seen her assailant. The officers placed her in the squad car and proceeded to drive past 11 North Leavitt. Defendant had returned and was placed under arrest.

On cross-examination certain discrepancies were brought out between her trial testimony and her testimony at earlier proceedings. The discrepancies concerned the length of time of intercourse, how many people were in the elevator, which of the assailants took her money and where a light was located.

Junette Berry testified for the State that on October 4, 1973, she was babysitting for Linda Harris' children. At approximately 11 p.m. Linda appeared at her door, upset and crying, with most of her clothes in her hand, and stated that she had just been raped. They proceeded to a neighbor's apartment and called the police.

Patrolman Kenneth White testified for the State that on October 13, 1973, at approximately 1 p.m. he and his partner were patrolling the near West Side. He corroborated Harris' testimony concerning defendant's arrest.

It was stipulated that if a Dr. Keller were called to testify, he would state that he examined Linda Harris on October 5, 1973, at approximately 1:30 a.m. and found evidence of vaginal trauma, superficial vaginal abrasions and the presence of motile sperm.

Defendant did not testify.

OPINION

■■ Defendant first contends that Harris' identification was vague and uncertain and thus insufficient to prove his guilt beyond a reasonable doubt. The sufficiency of the evidence, and the weight to be given to a witness' testimony, are the province of the trier of fact. (*People v. Sims*, 5 Ill.App.3d 727, 283 N.E.2d 906.) Harris had ample opportunity, both before and during the rape, to observe her assailant under good lighting conditions. While her original description may have been sketchy, her

testimony at trial was clear and convincing, and thus the trial judge had sufficient evidence from which to find defendant was guilty beyond a reasonable doubt.

Defendant next contends that Harris' ability to make a correct identification was materially affected by her state of mind. He argues, without citing authority, that the emotional strain of rape causes fear, shock and anxiety, as manifested in her failure to clothe herself and her pressing the wrong elevator button, that her powers of observation were so seriously weakened as to destroy the credibility of her testimony. Here again the credibility of a witness is left for the trier of fact. Where he finds the testimony of a lone complaining witness to be clear and convincing, this court will not disturb his decision. *People v. Simental,* 11 Ill.App.3d 537, 297 N.E.2d 356; *People v. Davis,* 10 Ill.2d 430, 140 N.E.2d 675.

■■ Defendant further contends that the discrepancies in Harris' testimony are of such great magnitude as to discredit her testimony and render it unclear and unconvincing. Clear and convincing is not synonymous with uncontradicted or unimpeached testimony. (*People v. Wright,* 3 Ill.App..3d 829, 279 N.E.2d 398.) Minor inconsistencies, as here, do not justify reversal.

■■ Defendant next contends that while the common law record indicates that he was found guilty of both charges, a careful search of the record would show that the trial judge made a finding of guilty on only the rape charge. Unless contradicted by other facts in the record, the common law record imports verity. (*People v. Caruth,* 4 Ill.App.3d 527, 281 N.E.2d 349.) We have studied the entire record and find there are no contradictions.

■■ Lastly, defendant contends that the minimum sentence of four years for robbery exceeds the standard set forth in the Unified Code of Corrections. We agree. Robbery is a Class 2 felony. Under section 5—8—1(c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)) the minimum term for a Class 2 felony shall not be greater than one-third the maximum term. Thus defendant's minimum sentence for the robbery conviction shall be reduced to two years and eight months to run concurrently with the rape sentence.

Therefore, we affirm the judgment and sentence on the rape charge and affirm the judgment on the robbery charge as modified.

Affirmed in part and affirmed as modified.

LORENZ and SULLIVAN, JJ., concur.