THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODNEY BERRY *et al.*, Defendants-Appellants.

First District (5th Division) No. 61183

Opinion filed December 23, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant Richard Berry.

Paul Bradley and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant Rodney Berry.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael T. Reid, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendants were indicted for armed robbery in violation of section 18—2 of the Criminal Code. (Ill. Rev. Stat. 1973, par. 18—2.) After a bench trial, both were found guilty and sentenced to terms of four to 12 years. On appeal defendants contend that (1) they were not proven guilty beyond a reasonable doubt and (2) the trial judge erred in not granting them a new trial.

The testimony adduced at trial is as follows:

Zachary Bradbury testified for the State that on December 20, 1971, at approximately 9 P.M., he was listening to records with a friend, Wayne Crosby, in the living room of his basement apartment. Another friend, Marva Hunt, was in the bedroom. There was a knock at the front door and when Bradbury opened it, he observed a young woman standing outside. Suddenly a man holding a sawed-off shotgun stepped in front of the woman and ordered him to step back. Bradbury obeyed and the gunman entered the apartment. The woman did not. Two other men, later identified as the defendants, then entered the apartment via a window three feet from the door. Bradbury and Crosby were ordered to lie down, and they obeyed. While lying on the floor, Bradbury "looked at the shotgun" for three minutes. Approximately three minutes after the robbers arrived, a towel was placed over his head by Rodney Berry, and his wristwatch was removed by Richard Berry.

The robbers proceeded to go through the apartment and remove a television set and a stereo. After being in the apartment approximately

174

15 minutes, they bound Bradbury and left. He managed to remove the towel from his head and work himself free; he then went into the bedroom, found Hunt with her hands tied, freed her and then went to a nearby apartment and called the police.

Officers Patterson and Gilmore were the first to respond to the call. Investigator Toles arrived approximately 20 minutes later. Bradbury gave the officers a description, though not complete, of the three robbers. Also, he told Toles that he knew one of the robbers by the nickname of "Rocky."

The next evening Bradbury spotted "Rocky" in a local pool hall. He called Toles who then made the arrest of Rodney Berry. On February 3, 1972, Bradbury saw Richard Berry at the same pool hall, and his arrest followed.

Defense counsel brought out certain inconsistencies between Bradbury's testimony at a preliminary hearing, before the grand jury, and that which he had just given. He had previously testified that *four* men had appeared at his door; that the interval between the robbers' entrance and the towel being placed over his head was *two* minutes, and that Rodney Berry had removed the wristwatch. In none of his previous testimony had a woman been mentioned.

Marva Hunt testified for the State that during the robbery she saw Rodney Berry's face for about "4 seconds" and was able to identify him at a lineup two days later. She also identified Richard Berry at the trial, but her testimony was impeached when it was shown that she had virtually no opportunity to see him during the robbery and had stated at a preliminary hearing that she could not identify him.

Investigator Toles testified for the State and corroborated Bradbury's testimony as to the discussion of "Rocky."

Wayne Crosby did not testify.

Officer Gilmore testified for the defense and stated that according to his report, Bradbury gave a full description of the gunman, described only the clothes of the second robber and could give no description of the third robber.

Defendant Rodney Berry and all the witnesses called on his behalf gave alibi testimony concerning the day in question, but none of his witnesses could state that they were with him at the time of the robbery. Defendant Richard Berry chose not to testify.

After the defendants were found guilty and sentenced, a motion for new trial was filed. At the hearing on the motion Wayne Crosby testified for the defense. He stated that he saw only the gunman's face because he was in the process of obeying the order to lie down when the other

robbers entered. Also, he had known Richard Berry since childhood but could not identify him as one of the robbers. Jerry Morgan, from whom the stolen stereo was eventually recovered, testified for the defense that he did not buy the stereo from either of the Berrys.

Defense counsel also brought out that while Bradbury had stated that his head was uncovered for three minutes, he had also stated that he was looking at the shotgun for the same three minutes. Thus, they argue, it would have been impossible for him to view the men who came through the window. The trial judge expressed great concern over the point and had both sides present oral argument. At the conclusion of the hearing the motion for new trial was denied, and this appeal followed.

OPINION

Defendants contend that they were not proven guilty beyond a reasonable doubt in that the inconsistencies in Bradbury's testimony are of such magnitude as to render his testimony incredible. They point to the inconsistencies concerning the time interval, number of intruders and which robber removed the wristwatch.

■■ The credibility of a witness and the weight to be given his testimony is within the province of the trier of fact. (*People v. Sims*, 5 Ill.App.3d 727, 283 N.E.2d 906.) The testimony of a single witness if found clear and convincing is sufficient to convict. (*People v. Cook*, 26 Ill.App.3d 714, 325 N.E.2d 697.) Clear and convincing testimony is not synonymous with uncontradicted or unimpeached testimony. (*People v. Wright*, 3 Ill.App.3d 829, 279 N.E.2d 398.) The trial judge heard all the testimony and then stated:

"I watched Mr. Bradbury testify. He seemed to me that he was very confident in how he talked. He was concise. * * * He came in here, was cross-examined; there was some small impeachment. At no time was he broken down on cross-examination. * * *"

The judge then found the defendants guilty, and we find no reason to reverse that judgment.

■■ Defendants next contend that their motion for a new trial should have been allowed. They rely upon certain statements made by the trial judge during the post-trial motion hearing which questioned Bradbury's ability to view the robbers who came through the window. However, these statements came before and during the hearing and appear to be simply the vocalization of the trial judge's decision making process. At the end of the hearing he noted that the window was only three feet from the door and while Bradbury was looking at the shotgun, his field

of vision would easily encompass the point where defendants made their entrance. The judge specifically stated: "The State has overcome the problem I had." We agree with his conclusion and find no reason to reverse his decision.

■■ Defendant Richard Berry contends that during the post-trial motion hearing the trial judge was totally concerned with the "3 minute" problem, and his failure to consider the other evidence tendered was reversible error. (*People v. McDonald*, 46 Ill.2d 92, 263 N.E.2d 75.) The record reveals that after Crosby and Morgan testified, the trial judge stated:

> "Why were these witnesses brought in here? They have added nothing to the case."

Crosby testified that he was unable to identify the robbers, and while it is urged that this shows that Bradbury was also not in a position to view whomever came through the window, the record shows that Crosby stated that he was unaware of Bradbury's movements after the gunman entered. Morgan's testimony was of no probative value. Obviously the trial judge did consider all the testimony given during the post-trial motion hearing.

We affirm the judgment.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.