THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DALE FOCHS, Defendant-Appellant.

First District (4th Division)   No. 61778

Opinion filed July 28, 1976.

John K. Kneafsey, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and David A. Novoselsky, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

■■■ Defendant, Dale Fochs, was charged by complaint with the offense of battery. (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a).) Following a jury trial, defendant was convicted as charged and was sentenced to one-year probation. It is from this conviction and sentence that defendant brings this appeal and presents the following issues for our review.

> (1) Whether the amended complaint was sufficient to inform defendant of the time the offense occurred so as to allow him to prepare an adequate defense to the charge;

> (2) Whether defendant was proven guilty beyond a reasonable doubt;

> (3) Whether the admission into evidence of the black jacket worn by defendant at the time of his arrest unfairly prejudiced defendant;

> (4) Whether a photo was unduly suggestive and therefore improperly admitted into evidence; and

> (5) Whether certain remarks made by the prosecutor during closing argument denied defendant his right to a fair trial.

After discovering a hiatus in the record of the trial proceedings, running from just prior to the voir dire to the closing arguments, defendant prepared and then submitted a bystander's report of proceedings to the State and to the trial judge, who subsequently certified the report as true and correct. We believe that the bystander's report, prepared by defendant under Supreme Court Rule 323(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c)), is incomplete on its face. A trial court should properly refuse to certify a proposed report of proceedings which patently reveals the omission of material portions of the proceedings. (*Feldman v. Munizzo*, 16 Ill. App. 2d 58, 147 N.E.2d 427.) However, the responsibility for the proper preservation of the record of the trial proceedings rests upon the appellant (*People v. Smith*, 42 Ill. 2d 479, 248 N.E.2d 68; *People v. Turner*, 35 Ill. App. 3d 550, 342 N.E.2d 158), and the remedy of Rule 323(c) prevents a defendant from claiming prejudice because of failure to record the trial proceedings (*People v. Wilson*, 32 Ill. App. 3d 57, 335 N.E.2d 499). Therefore, where the record on appeal is incomplete, a reviewing court (1) will indulge in every reasonable presumption favorable to the judgment, order or ruling appealed from, including the presumption that the trial court ruled or acted correctly, and (2) will resolve any doubt arising from the incompleteness of the record against the appellant. (*People v. Benford*, 31 Ill. App. 3d 892, 335 N.E.2d 106.) With these principles firmly in mind, our statement of facts represents a

distillation of the entire record on appeal. This includes, in addition to the bystander's report of proceedings, a verbatim transcript of the hearing on defendant's motion to suppress "in-court identification of the defendant" and the closing arguments of counsel.

A 9-year-old girl, the complaining witness, testified that, on March 27, 1973, she left school at 3 or 3:05 p.m. The girl lived about 3½ blocks from the school and stated that it usually took her about 20 minutes "to get home." After she was home for approximately one minute, she looked up from tying her shoe and saw a man at the door. She described the man as having brown hair with a brown stain on his front teeth, as if they were dirty. He was dressed in a hooded jacket or a sweatshirt. The girl thought he was about 19 years old.

The man asked if anyone was at home and then asked to use the telephone and the bathroom. After pointing out the bathroom, the girl was picked up by the man and thrown down onto her mother's bed. She asked him what he was going to do, to which he replied that "it was going to feel good." The youngster began to scream, but her assailant covered her mouth. At this time the phone began to ring and a dog began to bark. The man then fled. Sometime later, she saw her attacker at Ridgeville Park near her Evanston home. The girl told her mother that she saw her attacker at the park and her mother contacted the police. Following an investigation of her report, the police brought some photographs for her to view from which she identified the defendant. Defendant was arrested on April 26, 1973.

Defendant introduced the testimony of several of his co-workers who placed him at Ridgeville Park, a few blocks away from the girl's home, from 3 p.m. until about 3:20 p.m. on the day in question. He then left in a truck and returned approximately 20 minutes later, stating that he had been at a friend's apartment, a block away from the scene of the attack. Defendant's witnesses did not recall seeing him wear a hooded jacket or sweatshirt that day.

Defendant's initial argument on appeal is that the State failed to adequately inform him prior to the trial, by way of a bill of particulars, as to the "exact time of the occurrence which was essential for Defendant to prepare his defense." Defendant contends that such failure adversely affected a major element of his defense because he had witnesses to account for all but 15 minutes of his time that afternoon. He further asserts that the complaining witness said the incident took place "near 3:05 p.m. and Defendant had three alibi witnesses for this time."

■■ This court believes that defendant has failed to support his claim from the record or even to point out that part of the record upon which he relies to support this argument. Though the statement of facts in defendant's brief asserts that the trial court ordered that a bill of

particulars be filed and that the State never complied, this court has searched the record on appeal and can find nothing to indicate that such a bill was not in fact filed. The record is bare of any objection by defendant to the State's alleged failure and is devoid of any request for a sanction by the trial judge. We reiterate that "[r]esponsibility for preservation of a record that properly reflects the proceedings in the trial court rests on the appealing party." (*People v. Benford*, 31 Ill. App. 3d 892, 894, 335 N.E.2d 106, 108.) The record does contain an amended complaint filed prior to the trial date and subsequent to the request for a bill of particulars. This complaint lists the time of the offense as approximately 3:25 p.m. The complaining witness testified that she left school at 3 or 3:05 p.m., that it usually took her about 20 minutes to arrive home, and that she was home for about one minute before seeing defendant. Therefore, even if this court were to accept defendant's contention that no bill of particulars was filed, defendant's preparation of a defense was in no way prejudiced because precise information was supplied prior to trial in the amended complaint.

Defendant next contends that he was not proven guilty beyond a reasonable doubt. Defendant maintains that he introduced evidence at trial showing that he was at Ridgeville Park District from 3 to 3:20 p.m. on the day in question and was wearing a white "T-shirt" and no jacket, that the complaining witness said her attacker wore a gray-hooded sweatshirt and sunglasses, and finally that the incident occurred at 3 p.m., thereby "making it impossible for Defendant to be there." According to the record on appeal, and as noted in defendant's statement of facts, the complaining witness did not leave school until 3 or 3:05 p.m. and then walked 3½ blocks home. She testified that this usually took her about 20 minutes. It is not unreasonable to believe that it took an 8-year old child that length of time to gather her things together at the end of a school day and walk home. Further, the record on appeal contains no evidence which would contradict the complaining witness' statement as to the time of the incident.

"[T]here is no obligation on the trier of fact, be it court or jury, to believe alibi testimony. [Citation.] In addition, the fact that there is alibi evidence which conflicts with the proof adduced by the State does not in itself require that [the appellate court] reject the verdict of the jury." (*People v. Tennant*, 32 Ill. App. 3d 1034, 1042, 337 N.E.2d 322, 328.) The weight and credibility to be given such alibi testimony is a question to be determined by the jury. *People v. Brown*, 52 Ill. 2d 94, 285 N.E.2d 1.) In the instant case, however, the alibi witnesses' testimony need not be rejected because it in no way was contradicted by the evidence presented by the State. Defendant's alibi witnesses did not account for his whereabouts at the time of the incident, but only until five minutes or so

before that time—until 3:15 or 3:20. At that time, defendant left in a truck and returned 20 minutes later, stating that he had been at an apartment a few blocks from the park where he worked and a location a block away from where the complaining witness lived.

■■ Defendant also points out that the complaining witness testified that her attacker wore a hooded sweatshirt and sunglasses. Defendant's alibi witness testified to what he was wearing at the park that day, but never stated that he did not have access to a sweatshirt or sunglasses or that he could not have put them on after he got in the truck. Sunglasses could have been worn to hide part of the offender's face, but in any case, this would be a question regarding the weight and credibility to be given the testimony of the complaining witness. This court has often stated that the determination of a witness' credibility is a matter left to the jury as the trier of fact and this determination will not normally be disturbed on review. Further, even if this point is considered as a discrepancy in the complaining witness' testimony, the discrepancy is not of such a magnitude as to render the testimony less than clear and convincing. "Clear and convincing is not synonymous with uncontradicted or unimpeached testimony. [Citation.] Minor inconsistencies, as here, do not justify reversal." *People v. Williams*, 33 Ill. App. 3d 219, 222, 338 N.E.2d 133, 136.

■■ Defendant next contends that he was prejudiced by the introduction into evidence of the black jacket defendant was wearing at the time of his arrest. He reasons that because the complaining witness was never asked to identify the jacket, it was not properly introduced and should not have been presented to the jury. This court disagrees. Nowhere in the record does it appear that the State claimed that this was the jacket worn on the date of the offense. Therefore, there was no reason for the complaining witness to identify it at trial. In fact, the question of whether the jacket was also the one which was worn by the assailant first appears in the record in the closing argument presented by defense counsel. The State had introduced the jacket as that worn by defendant at the time of his arrest. Defendant's counsel argued to the jury that navy blue sweatshirts were available to employees at the park. He then told the jury:

> "One of them might have been somewhere in the truck. Well, even if they were they were navy blue. But to cover themselves, they are going to have you going to the jury room with a jacket that is dark black, or dark. I objected to the introduction of it because I don't know what it is going to prove. Well the purpose of it is to prove that this is the jacket that he had on when he was arrested. But that is not the fact. There were—there we go and suggesting things."

The State responded, in its closing argument, by telling the jury that the jacket might have been similar, but was "not identical to the one [the complaining witness] described." This court notes that "one cannot provoke a reply to his own improper argument and then claim error." (*People v. Davis*, 18 Ill. App. 3d 793, 801, 310 N.E.2d 682, 689.) The State may also answer matters raised by the defense. (See *People v. Wilbert*, 15 Ill. App. 3d 974, 305 N.E.2d 173.)

Defendant asserts that a "mug shot" was erroneously admitted into evidence. We have examined the photograph in question and have concluded that it is not in fact a "mug shot." Defendant is not wearing a number board. His attire, moreover, does not suggest that the photograph was taken by the police or while defendant was in custody. It was taken by Evanston Park officials and was used to identify their employees.

■■ Lastly, defendant argues that certain statements were made to the jury regarding a telephone conversation between the complaining witness and her mother and that these remarks were "prejudicial." In closing argument, the prosecutor commented on the fact that the complaining witness' mother had received a call at work from her daughter at about 3:30 p.m. on March 27, 1973. He further stated that the mother testified that her daughter was crying and was hysterical and that the mother rushed home. No objection was made by defense counsel at the time the prosecution made the remarks. Such irregularities are deemed waived. (*People v. Dailey*, 51 Ill. 2d 239, 282 N.E.2d 129.) Although this court will consider prejudicial arguments made without objection of counsel if as a result thereof the defendant cannot receive a fair trial, we do not consider the comments of counsel to fall within that rule in this case. *People v. Dailey*, 51 Ill. 2d 239, 282 N.E.2d 129.

For the reasons stated, the judgment of conviction is affirmed.

Affirmed.

BURMAN and DIERINGER, JJ., concur.